(No. 35553.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOSEPH EMBRY, Plaintiff in Error.

*Opinion filed October 31, 1960.*

Robert J. Sulski, of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and James Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

Defendant, Joseph Embry, was convicted in the criminal court of Cook County of the crime of unlawful possession of narcotic drugs and we have issued a writ of error to review the judgment of conviction.

The only error assigned is that the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. A police officer testified that he searched defendant's apartment and found seven packages of narcotics under some towels in the bathroom. Defendant was in the kitchen of the apartment and, in addition to defendant, there were five other persons in the apartment at the time of the search. Yvonne Embry, Elaine Flynn and Terry Mitchell were in a bedroom, and Ann Smith and Frank Houze were in the front room. Defendant admitted that it was his apartment and that he paid the rent. When he was asked if the nar-

cotics belonged to him, he shrugged his shoulders and neither admitted nor denied ownership. All of the other occupants of the apartment likewise neither admitted nor denied ownership of the narcotics. All of the occupants of the apartment were placed under arrest.

For the defense, Elaine Flynn testified that when she got to the apartment on the day in question, Yvonne Embry, defendant's wife, was in the kitchen fixing up some packages of narcotics. She testified that defendant came into the apartment about forty-five minutes after the witness arrived and she never saw him in possession of any narcotics. On cross-examination of this witness, she admitted that she was a user of narcotics. She stated that she had never had any transactions with defendant concerning narcotics, but had had some dealings with defendant's wife, Yvonne. She further testified on cross-examination that the narcotics did not belong to her nor to Terry Mitchell, Ann Smith, or Frank Houze. Terry Mitchell testified that she was also an addict and had never dealt with defendant. She also saw Yvonne Embry preparing the packages of drugs.

Defendant testified that he and Yvonne had been separated for a short time before the arrest but he still paid the rent on the apartment and kept his clothes there. He claimed that he had left his wife after an argument over her narcotics habit and that he had not been in the apartment for over a week before his arrest. On the day of his arrest, he went to the apartment to pick up some clothes and talk to his wife, but when he saw that his wife was asleep, he went in the dining room to watch television. When the officers came in and searched the apartment and showed him the narcotics they had found, he was dumbfounded and said, "Here I go again." He denied knowledge that the narcotics were in his apartment, but testified that he knew that the drugs did not belong to Elaine Flynn, Terry Mitchell, Ann Smith, or Frank Houze, and conceded that this left only him and Yvonne as the possible owners.

When taken to the police station, defendant was again questioned about the drugs and he then denied knowing about them. He testified that he did not know at the time of his arrest who owned the narcotics but that he had since learned that they belonged to his wife. However, he had never told the authorities that they belonged to his wife.

It was brought out that Yvonne had been arrested on several narcotics charges and had been released on bail. At the time of defendant's trial, there was a warrant out for her arrest and she had failed to appear in one of the cases pending against her. Defendant testified that he had begged his wife to come in and testify for him, but she did not appear. He had talked to her on the phone a few days before the trial, at a time when she was a fugitive from justice, but he did not tell either the authorities or his own lawyer that he had been in contact with her. It was stipulated at the trial that defendant had been previously convicted of the crimes of burglary, larceny of a motor vehicle and sale of narcotics.

Defendant argues that this evidence is insufficient to establish defendant's guilt of the crime of unlawful possession of the narcotics. In *People* v. *Mack,* 12 Ill.2d 151, we held that in order to support a conviction for unlawful possession of narcotics, the State must establish knowledge on the part of the defendant of the presence of narcotics and must also establish that the narcotics were in the immediate and exclusive control of the defendant.

The element of knowledge is hardly ever susceptible of direct proof, but it may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of the narcotics at the place where they were found. The question whether the accused had such knowledge is one of fact and is for the jury, or for the court where a jury is waived. (*People* v. *Mack,* 12 Ill.2d 151.) We are of the opinion that the evidence that defendant paid the rent for

the apartment and was present when the narcotics were found, together with his failure to deny ownership of the drugs when he was confronted with them, and his admission that only he or his wife could have been the owners, was sufficient to give rise to a reasonable inference that defendant had knowledge of the existence of the drugs.

Insofar as proof of possession is concerned, it is settled that actual physical personal possession is not required and that possession may be constructive as well as actual. (*People* v. *Matthews*, 18 Ill.2d 164.) In *People* v. *Mack*, 12 Ill.2d 151, we held that where narcotics were found in an apartment which had been rented to the defendant, the element of possession was established, in spite of the fact that other persons had access to the apartment. The proof here that defendant paid the rent on the apartment and was present when the drugs were found therein is sufficient to establish that he was in possession of them, in spite of the fact that other persons were likewise present at the time. Defendant argues that the evidence showed that his wife was in possession of the drugs and argues that they could not, therefore, be in defendant's "exclusive" possession. This argument assumes the truth of the testimony of the witnesses Flynn and Mitchell. The trial judge, of course, was not bound to believe their testimony that they saw Yvonne Embry in possession of the drugs. However, even if it be assumed that the evidence showed that defendant's wife had possession of the drugs, this does not preclude a finding that defendant was also in possession of the drugs. In *People* v. *Wheeler*, 5 Ill.2d 474, where the question was whether defendant was in exclusive possesion of stolen goods, we held that the rule that possession must be exclusive does not mean that the possession may not be joint. This question has never been squarely presented to us in a case involving possession of narcotics, but courts of other jurisdictions have held that possession of narcotics may be joint. (*People* v. *Hood*, 50 Cal. App. 2d

197, 309 P.2d 856; *Gonzales* v. *People,* 128 Colo. 522, 264 P.2d 508.) We are of the opinion that these cases express a sound rule. To hold otherwise would permit two or more persons to gain immunity from prosecution on a charge of unlawful possession of narcotics by proving joint possession of the drugs. Such a result would be contrary to reason and would defeat the purpose of the Uniform Narcotic Drug Act.

For the reasons expressed herein, we are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*