**The People of the State of Illinois, Appellee, v. Thomas Evans, Appellant.**

**Gen. No. 51,037.**

First District, Second Division.

June 21, 1966.

Norris J. Bishton, Jr., of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from a judgment entered October 31, 1962, upon a jury verdict finding the appellant, Thomas Evans, guilty of the crime of unlawful possession of narcotic drugs. Ill Rev Stats (1961) c 38, § 21–3. The appellant claims that the People did not prove his guilt of the alleged crime.

The evidence shows that the appellant was arrested in a tavern by three policemen who where told by an informer that a man of his description possessed narcotics. The informer's name was given only as "Herbie." The evidence given by the two policemen who testified at the trial indicates that when the appellant and his companion saw the policemen approach them, they rose from their seats at the bar and hurried toward the men's room. No narcotics were found on the person of either man, but the police did find two cigarette packages containing narcotics stuck with chewing gum under the front of the bar. There was no evidence that anyone saw either man put the packages there. One policeman said that the appellant offered him a bribe if he would not arrest him. The appellant denied this.

We feel the People did not prove the appellant possessed narcotics. We are led to this conclusion by the opinion of the Supreme Court in People v. Jackson, 23 Ill2d 360, 178 NE2d 320 (1961). In that case, the appellant, Dorothy Jackson, was indicted for the crime of unlawful possession of narcotics. She had been arrested after state narcotics inspectors had obtained a search

warrant. When the inspectors knocked at the door, they were met by the appellant who had in her hand a large purse. An inspector displayed his badge and told her she was under arrest. The appellant then invited him in, but as he entered the apartment, she turned and ran down the hall and locked herself in a bathroom. This bathroom had a window which opened out onto an air well. Several other apartments in this building also had windows with access to this air well. The bathroom door was broken down and a check made by the inspectors showed that the toilet had not been used, nor had the sink. The appellant's purse was found open on the floor of the bathroom; the narcotis were found at the bottom of the air well amidst a wide assortment of debris. The other debris showed evidence of having been rained on; the package containing the narcotics bore no such traces. The appellant is said to have appeared disturbed when shown the package.

The court noted that there was no fingerprint evidence presented by the State. The opinion states that the record did not show whether an attempt was made to obtain such evidence, but that it was a fair assumption that if such evidence was sought, the search was unsuccessful. The court continued by noting that the narcotics were not found in an area under the exclusive control of the appellant. The most that could be said, according to this opinion, is that the appellant had access to the air well along with any number of other people. This, according to the Supreme Court, does not establish possession beyond a reasonable doubt.

The facts in the case at bar are sufficiently parallel to the facts in the Jackson case to compel this court to the same conclusion. In Jackson the inspectors had obtained a search warrant, a fact implying they had information from some source which gave probable cause for such a warrant to be issued; here the police received information from an unidentified informant. In Jackson

the appellant acted in a manner not totally consistent with innocence in that she fled from the inspectors and locked herself in the bathroom; here the appellant and his companion, when they saw the police approach, attempted to enter the men's room. In Jackson narcotics were found under circumstances which raised a strong inference that the appellant had possessed the contraband; the same might be said to be true here, and here, as in Jackson, no fingerprint evidence was brought in by the People.

■ As the Supreme Court said in Jackson, mere suspicious conduct in the vicinity of narcotics is not enough to establish the elements of criminal possession.

■ In this case, the narcotics were found secreted under a public bar. There is no evidence as to how long the packages had been there. Clearly, they could have been put there by anyone at any time. In Jackson the court noted that the appellant was probably guilty of the crime. It stated however that mere probabilities are not enough. The Jackson case would seem to require some clear evidence showing possession, either actual or constructive. The court in Jackson specifically distinguished that case from one where the narcotics were found in an apartment rented by the appellant. In Jackson, as here, the place the narcotics were found was easily accessible to any number of people. That being so, constructive possession cannot be shown in the appellant. The judgment is reversed.

Judgment reversed.

LYONS and BURKE, JJ., concur.