THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD EVANS, Defendant-Appellant.

Fifth District    No. 5—84—0734

Opinion filed May 9, 1986.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Ronald Evans, appeals from his convictions for unlawful possession of a controlled substance and unlawful possession of a controlled substance with intent to deliver after a jury trial in the circuit court of Williamson County.

At approximately 9 a.m. on March 22, 1984, Freida Marks, a housekeeper employed at the Holiday Inn in Marion, observed a man, whom she later identified as defendant, across the motel driveway digging underneath a tree for about one hour. At 3 p.m. that same day Marks and a fellow employee, Lewis Mobley, went to the spot where defendant had been digging and uncovered a plastic bag containing smaller plastic bags filled with a white powdery substance. These bags were later found to contain 35.1 grams of a substance containing cocaine. Marks and Mobley gave the cocaine to an assistant manager who put the cocaine in the motel safe. The assistant

manager turned the cocaine over to Detective Roger Odom who, at 3:30 p.m., returned the bag to the spot where it had been found and reburied it. The area was placed under surveillance until 5:30 a.m. the next morning to no avail and the bag was reconfiscated.

On March 29, 1984, Marks and Mobley again observed defendant at the motel, accompanied by a female. Defendant returned to the area where he had been observed the week before and began digging. Larry Vanway, a security guard at the motel, testified that he had a conversation with defendant in which defendant inquired about construction work. Defendant returned to his car and had a discussion with the female. Defendant paced up and down the parking lot and then began digging underneath the tree again. The female got out of the car and helped defendant dig. The two returned to the car, and, as they were leaving the parking lot, were arrested. A broken garden trowel was found underneath the tree and a similar trowel was later found during an inventory search of the car.

Defendant was convicted by a jury of unlawful possession of a controlled substance (Ill. Rev. Stat. 1983, ch. 56½, par. 1402(a)(2)) and unlawful possession with intent to deliver (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(2)). Defendant was sentenced on the latter charge to 25 years' imprisonment, and a $3,500 "street value fine" was imposed. Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1.

Defendant raises five issues on appeal: (1) whether the State failed to prove beyond a reasonable doubt that defendant was in possession of cocaine; (2) whether the 25-year sentence is excessive and an abuse of the trial court's discretion; (3) whether the statute authorizing a "street value fine" is unconstitutionally vague; (4) whether defendant is entitled to a $1,005 credit toward his fine for jail time served prior to sentencing; and (5) whether the trial court erred in failing to appoint new counsel for defendant.

■■ Defendant's initial contention is that the State failed to prove beyond a reasonable doubt that defendant knowingly possessed the cocaine in question. The State responds that, although cocaine was not found on defendant's person and there was no eyewitness testimony of defendant actually physically possessing the cocaine, possession was proved by strong circumstantial evidence sufficient for the jury to find defendant guilty beyond a reasonable doubt.

To sustain a conviction for unlawful possession of a controlled substance, the State must prove that defendant had knowledge of the presence of the cocaine and that the cocaine was in defendant's immediate possession and control. (*People v. Matthews* (1960), 18 Ill. 2d 164, 170, 163 N.E.2d 469, 472.) Possession may be actual, requiring

an act of physical dominion over the cocaine (*People v. Briggs* (1983), 112 Ill. App. 3d 979, 981, 446 N.E.2d 305, 307), or constructive, which may be inferred from defendant's exclusive control of the premises where the controlled substance is found. (*People v. Hester* (1980), 87 Ill. App. 3d 50, 53, 409 N.E.2d 106, 108-09.) Where possession is proved, the element of knowledge may be inferred from the surrounding facts and circumstances. (*People v. Jackson* (1961), 23 Ill. 2d 360, 365, 178 N.E.2d 320, 322.) Both knowledge and possession may be proved by circumstantial evidence (*People v. Stewart* (1975), 27 Ill. App. 3d 520, 523, 327 N.E.2d 287, 289); however, suspicion, no matter how strong, is insufficient to establish the elements of unlawful possession. (*People v. Evans* (1966), 72 Ill. App. 2d 146, 149, 218 N.E.2d 781, 782-83.) Lastly, whether the requisite elements have been proved are questions for the trier of fact, and its findings will not be disturbed on review unless the evidence is patently contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of guilt. *People v. Galloway* (1963), 28 Ill. 2d 355, 358, 192 N.E.2d 370, 372, *cert. denied* (1964), 376 U.S. 910, 11 L. Ed. 2d 608, 84 S. Ct. 665.

As defendant correctly points out, the doctrine of constructive possession is not at issue in this case. The State does not contend otherwise, but asserts that the circumstantial evidence presented is sufficient to prove defendant's actual physical possession of the cocaine on March 22. Defendant relies on three principal cases to demonstrate the infirmity of his conviction. In all three of these cases the defendants were convicted of unlawful possession of a controlled substance, yet none of these defendants were ever directly observed exerting control over the substance in question.

In *People v. Jackson* (1961), 23 Ill. 2d 360, 178 N.E.2d 320, defendant locked herself in her bathroom, which had a window opening upon an airwell, and was arrested after police located a package containing narcotics at the bottom of the airwell amongst other debris. Seven other apartments had access to the airwell. (23 Ill. 2d 360, 361-62, 178 N.E.2d 320, 321.) The court held that the State failed to meet its burden of showing that defendant had exercised some actual or potential dominion over the narcotics and reversed her conviction. 23 Ill. 2d 360, 365, 178 N.E.2d 320, 322.

In *People v. Evans* (1966), 72 Ill. App. 2d 146, 218 N.E.2d 781, police approached defendant in a tavern after being informed that he possessed narcotics. When defendant and his companion saw the police approaching they hurried to the restroom. (72 Ill. App. 2d 146, 147, 218 N.E.2d 781, 782.) No narcotics were found on either man,

but two cigarette packages containing narcotics were found stuck underneath the bar with chewing gum. (72 Ill. 2d 146, 147, 218 N.E.2d 781, 782.) There was no evidence that anyone saw either man put the packages there. (72 Ill. App. 2d 146, 147, 218 N.E.2d 781, 782.) The court, relying on *Jackson*, found defendant's behavior suspicious, but insufficient to establish possession. 72 Ill. App. 2d 146, 149, 218 N.E.2d 781, 782-83.

In *People v. Stewart* (1975), 27 Ill. App. 3d 520, 327 N.E.2d 287, three witnesses observed defendant leave his car in a well-lighted portion of the parking lot, stoop over, return to his car and then drive away. A bag of marijuana was discovered where defendant had bent over. (27 Ill. App. 3d 520, 522, 327 N.E.2d 287, 289.) The court held that the inference of possession was too weak to remove all reasonable doubt of defendant's guilt. 27 Ill. App. 3d 520, 525, 327 N.E.2d 287, 291.

We believe that the circumstantial evidence presented in the instant case provides a stronger inference of possession than that in the cases relied upon by defendant. Proof beyond a reasonable doubt does not require the exclusion of every possible doubt, and a conviction may be sustained upon wholly circumstantial evidence where the entire chain of circumstances leads to a reasonable and moral certainty that the defendant committed the crime. (*People v. Williams* (1977), 66 Ill. 2d 478, 484-85, 363 N.E.2d 801, 804.) Unlike the cases discussed above, defendant was seen twice at the precise area where the cocaine was found. Also, while the cocaine was found in a public area, as in the above cases, access by others to the place where the cocaine was found cannot be contemplated as reasonably as was access by others to the airwell, parking lot or tavern. The possibility that the cocaine was there before defendant arrived must be viewed in light of all the evidence presented. Freida Marks testified that the hole was carefully filled and patted down suggesting that, on March 22, defendant was not merely looking for the cocaine and failed to find it. Marks also stated that, except for her morning coffee break and lunch break, she watched the area until 3 p.m. when the cocaine was found, which could reasonably lead to the conclusion that someone else had not buried the cocaine between 9 a.m. and 3 p.m. Anita Swift, defendant's companion on the day he was apprehended, testified that defendant told her that he was going to the Holiday Inn to look for something. When she asked defendant if she could help him, he told her that, "You don't want to get involved." Swift also testified that when the police cars approached, defendant remarked, "God, there's the police," although the police cars were unmarked. A

garden trowel, similar to one found at the site, was found in the car defendant was driving. The jury could certainly find defendant's contention that he was just digging a hole and someone else happened to bury cocaine in that same hole later that day implausible. Moreover, regardless of whether defendant buried the cocaine originally or dug it up and reburied it, the jury could find that defendant had knowledge of and control over the cocaine on the morning of March 22.

■ Actual possession is proved by evidence which establishes that defendant exercised some actual or potential dominion over the controlled substance. (*People v. Jackson* (1961), 23 Ill. 2d 360, 365, 178 N.E.2d 320, 322.) The act of dominion may be defendant's attempt to conceal the substance. (*People v. Howard* (1975), 29 Ill. App. 3d 387, 389, 330 N.E.2d 262, 264.) The jury was free to reject defendant's explanations, and we see no reason to interfere with its determination, for we are convinced that the evidence is sufficient to exclude every reasonable theory of defendant's innocence and prove him guilty beyond a reasonable doubt.

■ The second issue raised by defendant is whether his sentence of 25 years' imprisonment is excessive and an abuse of discretion. The offense of unlawful possession of a controlled substance with intent to deliver is classified as a Class X felony (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(2)) punishable by a minimum term of six years' imprisonment and a maximum term of 30 years (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(3)). Section 5—8—1(b) of the Unified Code of Corrections provides that the sentencing judge in each felony conviction shall set forth his reasons for imposing sentence. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(b).) "Those reasons may include any mitigating or aggravating factors as specified in this Code *** as well as any other such factors as the judge shall set forth on the record that are consistent with the purposes and principles of sentencing set out in this Code." Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(b).

The trial court prefaced the imposition of sentence with the following comments:

"You have not at one moment, at any point in time, shown any remorse. Of course you maintain your innocence. But you have not in any way shown regret or remorse, and that seems to me to be at least one facet that a judge should consider. *** I don't think that you have modified your actual heartfelt convictions while being in jail the time that you have, and I don't know how long it will take for you to be changed such that you will make a citizen to go upon the street and be respected. *** And I think it is necessary for the purpose of not deprocating

[*sic*] the seriousness of this offense, I think it's necessary because it is a serious offense, that you spend a considerable period of time in prison. I don't find that you have a record, any background that is of great significance, but let me point out to you that that alone does not suffice to keep you in the soft-touch bracket ***."

Absent an abuse of discretion, the sentence imposed by the trial court may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) However, an abuse of discretion may be found even where the sentence is within statutory limitations if that sentence is at odds with the purpose and spirit of the law. *People v. Steffens* (1985), 131 Ill. App. 3d 141, 151, 475 N.E.2d 606, 615.

■ Relying on *People v. Frey* (1984), 126 Ill. App. 3d 484, 467 N.E.2d 302, defendant contends that the trial court erred in considering the factor of deprecating the seriousness of the offense in imposing a severe sentence because this factor is to be considered only in determining whether to deny probation. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)(2).) However, *Frey* dealt with the inclusive list of factors which must be considered in imposing an extended-term sentence (126 Ill. App. 3d 484, 487, 467 N.E.2d 302, 304), and, therefore, it is inapplicable to this case. The State correctly asserts that the list of factors in aggravation is not inclusive and, therefore, the trial court's consideration of deprecating the seriousness of the offense was proper. *People v. Butts* (1985), 135 Ill. App. 3d 132, 135, 481 N.E.2d 987, 989.

■ We believe the trial court's emphasis on defendant's lack of remorse, although bearing upon defendant's rehabilitation (see *People v. Speed* (1984), 129 Ill. App. 3d 348, 349, 472 N.E.2d 572, 573), was misplaced, given that defendant continued to maintain his innocence. One can hardly be expected to be remorseful for something he contends he did not do. While the court stated that defendant did not have a significant history of criminal behavior (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.1(a)(7)), defendant had pleaded guilty to a misdemeanor charge of possession of cannabis in 1983 and had received a fine, but little consideration was given to this factor by the trial court. Furthermore, the amount of the controlled substance is relevant to the seriousness of the offense (*People v. Moffitt* (1985), 138 Ill. App. 3d 106, 115, 485 N.E.2d 513, 520), and the 35.1 grams of cocaine found was only slightly in excess of the minimum required to make the offense a Class X felony as opposed to a Class 1 felony. (Ill. Rev. Stat. 1983, ch. 56½, pars. 1401(a)(2), (b)(2).) In light of the foregoing, we conclude that the trial court abused its discretion in imposing such

a harsh sentence upon defendant, and pursuant to Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)), we reduce defendant's sentence to a term of 10 years.

■ The third issue is whether the statute authorizing imposition of a street-value fine (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1) is unconstitutionally vague so as to require reversal of the $3,500 fine imposed upon defendant. Although the issue may be deemed waived on appeal because it was not raised in the trial court (*People v. Amerman* (1971), 50 Ill. 2d 196, 197, 279 N.E.2d 353, 354), we hold it to be without merit in light of our decision in *People v. Dale* (1985), 137 Ill. App. 3d 101, 107, 484 N.E.2d 459, 464, that the statute is not unconstitutionally vague.

■ The fourth issue is whether defendant is entitled to a $1,005 credit toward his fine for 201 days of incarceration prior to conviction. (Ill. Rev. Stat. 1983, ch. 38, par. 110—14.) The State does not contest this issue, and in accordance with the views expressed in *People v. Young* (1981), 96 Ill. App. 3d 634, 421 N.E.2d 968, the defendant is entitled to a $1,005 credit toward his fine.

■■ The final issue is whether the trial court erred in failing to appoint new counsel for defendant upon defendant's allegation that his court-appointed counsel was incompetent. Defendant fails to assert the underlying factual basis to support his contention that he was denied effective assistance of counsel. The trial court specifically found that defendant's counsel was representing him effectively, and we find nothing in the record to indicate otherwise. The record also indicates that the trial court thoroughly explained to defendant that he was not entitled to new counsel simply because he had been found guilty. Defendant has failed to demonstrate actual incompetence of his counsel which substantially prejudiced him. (*People v. Goerger* (1972), 52 Ill. 2d 403, 409, 288 N.E.2d 416, 419.) We conclude that the trial court did not err in failing to appoint new counsel.

For these reasons, the judgment of conviction of the circuit court of Williamson County is affirmed. The sentence of imprisonment is reduced and the cause remanded with directions to amend the mittimus to reflect a 10-year term of incarceration and to award defendant a $1,005 credit toward his fine.

Conviction affirmed; sentence modified; cause remanded with directions.

KASSERMAN, P.J., and JONES, J., concur.