THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RENEE WALTON, Defendant-Appellant.

First District (6th Division)   No. 1—89—0219

Opinion filed October 25, 1991.

Randolph N. Stone, Public Defender, of Chicago (Emily Eisner, Assist-
ant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William Pistorius, and Joseph P. Roddy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE EGAN delivered the opinion of the court:

The defendant, Renee Walton, was found guilty after a bench trial of possession with intent to deliver cocaine and sentenced to imprisonment for eight years. The principal issue is whether evidence seized from her and a statement she made should have been suppressed. In deciding this question we have considered the evidence heard at trial as well as the evidence heard on the motion to suppress. See *People v. Caballero* (1984), 102 Ill. 2d 23, 464 N.E.2d 223.

On March 28, 1988, Chicago police officer Steve Martinez was stopped at a traffic light in an unmarked police car facing north in the curb lane on Halsted Street around 111th Street. Officer Richard Brown was a passenger. A car to Martinez' left was also stopped at the light. The defendant, who was the passenger in the car, looked in his direction. Martinez and the defendant "made eye contact." She then looked straight ahead, and her car drove through the red light. Martinez activated his emergency equipment; he waited until it was safe to cross the intersection and sped after the other car, which increased its speed. He pursued the other car for approximately four blocks. The other car was "zigzagging" from lane to lane getting around other vehicles. The driver of the other car lost control and struck a vehicle that was parked at a red light facing westbound on 107th Street. The car struck the intersection control device, knocking that down. It continued until it struck a gas station sign where it came to rest. Martinez saw the driver, later identified as Xavier Foster, who was about 10 feet from the scene of the crash, stumble back to the car and retrieve a sealed package which was leaking a white powder. Martinez believed the white powder was cocaine. It was later established that Foster retrieved the package from behind the driver's seat.

The defendant was lying on the ground. She was crying, and one of her legs appeared to Martinez to be broken. He approached her with the intention of arresting her for possession of cocaine that had previously been recovered from the driver. Upon approaching the defendant, he noticed she was wearing a security jacket. He said that he was worried about his safety. Because she wore a security guard uniform his primary concern was a weapon. Believing she might have a weapon, Martinez conducted a pat-down search and felt a hard ob-

ject in one of her pockets. He said it could have been a handle of gun, that it was approximately "three inches" long. The hard object he felt and retrieved was 96 plastic bags which were in a torn paper bag. He also recovered a gram scale from the defendant. He advised her of her *Miranda* rights twice; once orally and again from a preprinted card. The defendant stated in a "crying voice" that she understood her rights and that the car was hers. The police report indicated that Martinez asked the defendant if the car was hers before administering *Miranda* warnings.

In denying the motion to suppress the plastic bags and the scale, the judge said the officer had a reasonable basis for patting the defendant down "in light of the attire of the defendant." He said that it was immaterial whether the object was "hard, soft, big, small, whatever," because inevitably that object would have been discovered since she was going to be placed under arrest in any event. He accepted the testimony of the officer that he believed it could have been a weapon. The judge concluded that there was a reasonable basis for placing the defendant under arrest before the search. He also said that he believed the officer's testimony that he advised the defendant of her rights before she made the statement that the car belonged to her. Consequently, he also denied the motion to suppress her statement.

Police officer Richard Brown testified at trial that he was with Martinez when he observed the vehicle in which the defendant was riding start through the red light. At the accident scene, Brown saw Foster stagger toward the vehicle and remove a package wrapped in green tape and leaking white powder. The officers retrieved the package from Foster believing the white powder to be cocaine. As Foster was going to the car, he stated, "That's my package." Brown asked, "What was this?" and Foster again said, "That is my package."

Officer Albert Schultz went to the scene of the accident after receiving a call. He saw Officer Brown standing with Foster. Martinez was approaching the defendant, who was lying on the ground. Schultz observed that the defendant was in a uniform of a security guard. As Martinez was approaching the defendant, Schultz called out to him to be careful, that she might have a gun.

It was stipulated that the package recovered from Foster contained 996.4 grams of cocaine which was 94 % pure.

A reviewing court should not disturb the trial judge's finding on a motion to suppress unless it is manifestly erroneous. (*People v. Galvin* (1989), 127 Ill. 2d 153, 535 N.E.2d 837.) Probable cause exists where the police have knowledge of facts which would lead a reasonable per-

son to believe that a crime has occurred and that it has been committed by the defendant. (*People v. Wright* (1985), 111 Ill. 2d 128, 490 N.E. 640.) The standard for determining whether probable cause exists is not governed by technical, legal rules, but rather by common-sense considerations that are factual and practical. (*People v. Bradford* (1989), 187 Ill. App. 3d 903, 543 N.E.2d 918.) A reviewing court must consider the totality of the circumstances. *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317.

■ We cannot say that the trial judge's determination that probable cause for the arrest existed was clearly erroneous. The police officer could have reasonably concluded that the defendant recognized him and his partner as police officers and passed on that information to the driver of the car, who then attempted to elude the police in a high speed chase, a clear violation of the law, a violation which would be senseless unless the driver or passenger or both were conscious of guilt of a more serious violation of the law. After the accident the officer saw the driver recover a kilogram of a white substance which the officer reasonably believed to be cocaine. Under the totality of the circumstances, it was not unreasonable for the officer to believe that the driver and the defendant were acting in concert.

We are mindful that the driver told the police that the package in the car was his. That evidence impacts both ways, however. It might be considered as proof that the defendant was not involved. It could also be considered an attempt by the driver to divert the police from searching the defendant and discovering the drug paraphernalia which the driver knew the defendant possessed.

Two points must be emphasized: First, a reviewing court, no less than a trial court, must not lose sight of the fact that a police officer is often called upon to make a decision immediately and under stressful conditions. The reports of the decisions of reviewing courts abound with cases involving the sufficiency of evidence in establishing possession. The issue is decided by reviewing courts after careful analysis and with the benefit of reflection and research. It would be unrealistic and unfair for any court to expect a police officer to decide the issue correctly within a few seconds. The crucial question is whether the facts available to the officer at the moment would have caused a reasonable person to proceed in the same manner. (*People v. Bradford* (1989), 187 Ill. App. 3d 903, 543 N.E.2d 918.) Second, a reviewing court should not gainsay the decision of the trial court simply because the judges of the reviewing court might have come to a different conclusion.

This is a case where the police officer was involved in pursuit of a vehicle traveling at 50 miles per hour in a 35-mile-per-hour zone; the vehicle was weaving through traffic at a high speed and ultimately crashed into another vehicle. The officer, who surely must have been highly agitated, saw the driver retrieve a large package containing what he suspected was cocaine. We repeat that the officer could reasonably conclude that both the driver and the defendant were in joint possession of the narcotics.

Whether the officer did not at that time have sufficient evidence to support the defendant's conviction is not the issue. Probability of criminal activity, rather than proof beyond a reasonable doubt, is the standard for determining whether probable cause is present. Whether the necessary probability exists is governed not by technical, legal rules, but rather by commonsense considerations that are factual and practical. (*Brinegar v. United States* (1949), 338 U.S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302; *People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147.) We judge that it would be inappropriate for us to substitute our judgment for that of the trial judge, who concluded that the police officer acted reasonably. Consequently, we find no error in the order denying the motion to suppress the evidence recovered from the defendant. In addition, we find no error in the order denying the motion to suppress the defendant's oral statement made to Officer Martinez that she owned the automobile.

In view of our conclusion that probable cause for the arrest existed, it is unnecessary to determine whether or not the officer conducted a proper pat-down search under the authority of *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.

■ The defendant also contends that the trial judge erred in denying the admission of evidence at the hearing on the motion to suppress. The judge sustained an objection to the testimony of the officer that Foster said that the package in the car was his. We agree that the evidence was relevant on the motion to suppress, but any error was cured by the admission of the testimony at the trial. As we indicated before, we have considered the evidence heard at trial as well as the evidence heard on the motion to suppress in determining the propriety of the judge's ruling denying the motion to suppress. See *Caballero*, 102 Ill. 2d at 35-36.

■ The defendant next contends that the evidence failed to establish her guilt beyond a reasonable doubt. Possession may be actual or constructive (*People v. Scott* (1987), 152 Ill. App. 3d 868, 505 N.E.2d 42); it may be joint (*People v. Fabing* (1976), 42 Ill. App. 3d 379, 355 N.E.2d 719); and it may be proved by circumstantial evi-

dence. (*People v. Evans* (1986), 143 Ill. App. 3d 236, 492 N.E.2d 1036.) In cases involving joint control of an area, courts generally look for corroborating evidence connecting the defendant to the contraband found. (*Fabing*, 42 Ill. App. 3d at 384.) We believe the evidence was sufficient to establish joint and constructive possession of the cocaine by the defendant. As we previously noted, a fact finder could conclude that the driver fled from the police after a communication from the defendant. In addition, the car was hers, and her possession of the paraphernalia used in the distribution of narcotics was circumstantial evidence which provided the necessary corroboration. In his decision, the trial judge emphasized the defendant's possession of the scale and plastic bags.

The principal cases cited by the defendant are *People v. Roundtree* (1985), 135 Ill. App. 3d 1075, 482 N.E.2d 693, and *People v. Gore* (1983), 115 Ill. App. 3d 1054, 450 N.E.2d 1342. In *Roundtree*, the sufficiency of the evidence to establish possession of narcotics was not raised by the defendant. It was raised for the first time by the State in its contention that certain error in the admission of a statement without *Miranda* warnings was harmless. The court rejected the State's argument that it had proved possession without the defendant's statement. The court emphasized the failure of the State to present evidence as to the defendant's knowledge. As noted, in the case before us the defendant's possession of the drug paraphernalia was circumstantial proof indicating her knowledge. In *Gore*, the defendant was driving a car owned by someone else. He had been given permission to drive the car from the owner a few hours before he was arrested. He was accompanied by two other persons who were passengers in the front seat. Marijuana was recovered under the front passenger seat. *Gore* is factually inapposite here, not only because the car in this case belonged to the defendant but, again, there was no corroborating evidence in *Gore* as there is here.

■ The defendant's last contention is that she is entitled to a new sentencing hearing because, she says, the judge based his sentence on a fact not supported by the evidence. The judge's remarks included the following statement:

> "[I]t sure looks to me like you're more than the casual user or dealer, because casual users or dealers don't drive around on the streets of Chicago with a kilo of cocaine, and if they do, it has been stepped on three or four times. It is not ninety-seven percent pure."

The State maintains that the defendant waived this argument by failing to object during sentencing and failing to file any post-sentencing

motion. (See *People v. Sperow* (1988), 170 Ill. App. 3d 800, 525 N.E.2d 223.) We prefer to address the question. We conclude that the judge's observation is supported by the evidence, and we find no error in the sentencing procedures.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and LaPORTA, J., concur.