THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JENNIFER R. SCHMALZ, Defendant-Appellant.

Third District   No. 3—98—0097

Opinion filed September 22, 1999.

Anthony M. Petrone, of Chicago, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KOEHLER delivered the opinion of the court:

The defendant, Jennifer R. Schmalz, appealed her conviction in a

bench trial for unlawful possession of cannabis and drug paraphernalia (720 ILCS 550/4(a), 600/3.5(a) (West 1996)). Concluding that the State had not proven constructive possession where the defendant was not in control of the premises, this court reversed the defendant's conviction (*People v. Schmalz*, No. 3—98—0097 (1998) (unpublished order under Supreme Court Rule 23)). The supreme court denied the State's petition for leave to appeal but, in the exercise of its supervisory authority, directed this court to vacate its order and review the case in accordance with the supreme court's decision in *People v. Adams*, 161 Ill. 2d 333, 641 N.E.2d 514 (1994).[1] Accordingly, we revisit the cause to determine whether the circuit court erred in its conclusion that the State proved beyond a reasonable doubt that Schmalz was guilty of unlawful possession of cannabis and drug paraphernalia. In so doing, we must answer the following question: Did the State meet its burden of establishing that Schmalz was guilty of the offense of unlawful possession of cannabis and drug paraphernalia (720 ILCS 550/4(a), 600/3.5(a) (West 1994)) because she either (1) had constructive possession of the contraband or (2) was accountable for the actions of those in her company? Because we conclude that the State did not meet its burden, we reverse.

## FACTS

For purposes of our analysis, we reiterate our previous recitation of the evidence presented at trial. According to the agreed statement of facts, Officer Baize of the Peoria police department obtained permission to enter a residential building to search for the driver of a parked vehicle. Baize testified that as he mounted the stairs he noticed smoke and the odor of burning marijuana. The door to a bedroom where the smell was particularly strong stood ajar. Baize tapped on it and was invited in. The room was smoky and hazy and contained a bed, a couch and four persons.

Schmalz was sitting on the floor and three other persons were seated on the bed and couch. Three clear plastic bags of a green leafy substance and three "bongs" were on the bedroom floor. One bag and one bong were within Schmalz' reach. Baize asked what they were doing, and Schmalz responded, "We're having a party." The officer noted that there were no drinks, snacks or food items in the room.

After arresting all of the occupants, Baize searched the house for other contraband. He found a fourth bag of a green leafy substance in the bedroom couch and drug paraphernalia in other rooms of the house. Baize determined that Schmalz neither resided nor stayed at

---

[1]*People v. Adams*, No. 75111, was consolidated with *People v. Valdez*, No. 75654, for review by the supreme court.

the house. Baize did not find any contraband on her person or in her personal belongings. Moreover, the State offered no evidence to show who brought the contraband into the house, when it arrived, or how long it had been there.

Stipulated forensic testimony established that the material in the plastic bags weighed a total of 6.8 grams and tested positive for cannabis. No other witnesses testified. The circuit court concluded that Schmalz was guilty of misdemeanor possession of cannabis (under 2.5 grams) and drug paraphernalia, as charged, and she appealed.

## ANALYSIS

■ "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. [Citations.]" *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276-77 (1985). On review, we must determine whether the evidence, when viewed "in the light most favorable to the prosecution, [allows] any rational trier of fact [to find] the essential elements of the [offense]." (Emphasis omitted.) *People v. Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).

The defendant argued on appeal that the State's evidence failed to prove beyond a reasonable doubt that defendant had actual or constructive possession of contraband. She asserts that because Baize found the contraband on the premises rather than on the defendant, the State must prove that she had control of the premises in order to permit the inference that she had knowledge and control over the contraband and, therefore, constructive possession of the contraband. Her mere presence in the vicinity of the contraband does not establish constructive possession. Schmalz asserts that evidence was not presented that gives any indication that she had control over the premises and, therefore, the State failed to prove constructive possession beyond a reasonable doubt.

The State argued that because Schmalz was not a resident of the premises where the contraband was found, the State must prove that she had actual possession of the contraband. However, actual possession of contraband does not require personal present touching but only personal present dominion over the contraband. The evidence indicates that the drugs and the drug paraphernalia were immediately accessible to Schmalz and that she had present personal dominion over the contraband. Therefore, her unlawful possession of cannabis and drug paraphernalia was established beyond a reasonable doubt. 720 ILCS 550/4(a), 600/3.5(a) (West 1996).

■ The Cannabis Control Act provides in pertinent part:

"It is unlawful for any person knowingly to possess cannabis. Any person who violates this section with respect to:

(a) not more than 2.5 grams of any substance containing cannabis is guilty of a Class C misdemeanor." 720 ILCS 550/4(a) (West 1998).

The Drug Paraphernalia Control Act provides in pertinent part:

"A person who knowingly possesses an item of drug paraphernalia with the intent to use it in ingesting, inhaling, or otherwise introducing cannabis or a controlled substance into the human body, or in preparing cannabis or a controlled substance for that use, is guilty of a Class A misdemeanor ***." 720 ILCS 600/3.5(a) (West 1998).

In *Adams*, evidence at trial established that Valdez and two male associates purchased sequentially numbered one-way airline tickets with cash. The three boarded a plane in Miami bound for Minneapolis. A flight attendant observed Valdez' associates entering the restroom of the plane prior to takeoff, which she considered unusual. After takeoff, the attendant searched the restroom and found bags of cocaine hidden under the sink. Later, the attendant noticed that Valdez' associates tried to enter the same restroom but were precluded from doing so because it was occupied. When the plane landed in Chicago, police seized the cocaine from the restroom and arrested Valdez and her associates. Forensic evidence established that Valdez' fingerprints matched prints on tape used to seal the bags of cocaine. Based on the evidence, a jury found Valdez guilty of possession of a controlled substance with intent to deliver. *Adams*, 161 Ill. 2d at 340, 641 N.E.2d at 517.

On appeal, Valdez argued that the prosecution failed to prove beyond a reasonable doubt that she possessed cocaine, but she did concede that sufficient proof existed to establish her possession of the contraband at an earlier time, most likely in Florida. *People v. Valdez*, 249 Ill. App. 3d 1058, 1061, 621 N.E.2d 35, 37 (1993). The appellate court reversed her conviction when it concluded that the State failed to establish her guilt because the evidence was insufficient to prove that she or her associates maintained control of the restroom where the drugs were hidden. Additionally, the appellate court rejected the State's argument that Valdez' fingerprints on the bag containing cocaine were circumstantial evidence connecting her to the crime and that Valdez and her two associates engaged in suspicious behavior linking them to the crime. *Valdez*, 249 Ill. App. 3d at 1063-64, 621 N.E.2d at 38-39. The supreme court disagreed and upheld Valdez' conviction of possession with intent to deliver cocaine on the basis that there was adequate evidence from which to conclude that Valdez'

associates had constructive possession of the drugs found in an airplane restroom and that Valdez was liable for the offense under principles of accountability. *Adams*, 161 Ill. 2d at 344, 641 N.E.2d at 519. Because the supreme court's review of Valdez' conviction in *Adams* entailed analyses of the theories of accountablity and constructive possession, we must analyze the evidence in the instant case under both theories.

■ We first consider whether the State's evidence established that Schmalz, like Valdez and her associates, once had actual physical control of the contraband with intent to exercise control on her own behalf. The supreme court instructed that the *dispositive issue* in reviewing a conviction for possession of a controlled substance is not whether the defendant controlled the place where the drugs were found, but whether she once had possession of the drugs themselves. *Adams*, 161 Ill. 2d at 344-45, 641 N.E.2d at 519. The court stated:

"Proof that a defendant had control over the premises where the drugs were located can help resolve this issue because it gives rise to an inference of knowledge and possession of the drugs [citation], but it is not a prerequisite for conviction. Indeed, not only does a defendant not need to control the premises, he does not even need to have actual, personal, present dominion over the drugs themselves. [Citation.] *Constructive possession may exist even where an individual is no longer in physical control of the drugs, provided that he once had physical control of the drugs with intent to exercise control in his own behalf, and he has not abandoned them and no other person has obtained possession.*" (Emphasis added.) *Adams*, 161 Ill. 2d at 345, 641 N.E.2d at 519.

The court then observed that there was circumstantial evidence that Valdez' associates had physical control of the cocaine when they carried it on board and hid it in the restroom. The evidence established that the associates did not abandon the cocaine and no one else obtained possession before it was seized by the police. *Adams*, 161 Ill. 2d at 345, 641 N.E.2d at 520. In *Adams*, suspicious conduct on the part of Valdez' associates circumstantially established that they had physically carried the bags of cocaine on board in Miami and hid them in the plane's restroom so that the cocaine could be retrieved after the plane landed. By secreting the contraband, the associates established their intent to retain control.

In reviewing the case at bar, we ask if the evidence shows that (1) Schmalz had, at any time, physical control of the contraband; (2) if she had such physical control, it was with the intent to exercise control on her own behalf; (3) she retained control over the contraband, *i.e.*, she had not abandoned it; and (4) no other person had obtained pos-

session of the contraband. If we can answer yes to each of these questions, then we must conclude that the evidence proved beyond a reasonable doubt that Schmalz had constructive possession of the contraband.

■ The evidence is that Baize discovered Schmalz sitting on a floor in a smoky room with one of the bags of cannabis and a bong within her reach. When questioned, Schmalz replied, "We're having a party," which fairly indicates knowledge of the presence and burning of the contraband. However, there is no evidence that Schmalz handled any of the bags or bongs either at the house or elsewhere. A search of her personal effects also failed to reveal any evidence that she had exercised physical control of the contraband. Indeed, the State offered no evidence that Schmalz *at any time* had physical control of any of the contraband. Further, unlike Valdez' associates, Schmalz did not attempt to exercise dominion by concealing the contraband. The evidence proved beyond a reasonable doubt only Schmalz' presence in a room along with the contraband. Accordingly, we must conclude that the evidence in this case did not establish proof beyond a reasonable doubt that Schmalz had constructive possession of the contraband. Without evidence that Schmalz once had physical control of the contraband, we need not analyze the next three questions that would otherwise follow.

■ We next consider whether Schmalz was proven guilty of possession by accountability. Accountability exists when a person

> "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission *** solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." 720 ILCS 5/5—2(c) (West 1996).

To prove guilt by accountability, the State must prove beyond a reasonable doubt that the defendant had the specific intent to promote or facilitate the crime charged by showing that she shared the criminal intent of the principal or engaged in a common design. *People v. Johnson*, 260 Ill. App. 3d 558, 564, 632 N.E.2d 75, 79 (1994). Intent to promote or facilitate a crime can be inferred from surrounding circumstances, including the defendant's conduct before or subsequent to the offense. *People v. Saunders*, 206 Ill. App. 3d 1008, 1014, 565 N.E.2d 183, 187 (1990). However, the defendant's mere presence at the scene of the crime is not culpable conduct, and knowledge that a crime is being committed is insufficient to establish aiding and abetting. *People v. Grice*, 87 Ill. App. 3d 718, 725, 410 N.E.2d 209, 216 (1980).

■ In *Adams*, the State established Valdez' guilt by accountability

based upon evidence of her fingerprints on the drug packaging (which Valdez acknowledged established her prior possession), the sequentially numbered one-way airline tickets that she and both of her associates purchased with cash, and the fact that the three boarded the plane together in Miami. By contrast, in the case at bar, the State presented no evidence of Schmalz' accountability. The State presented no evidence to show that Schmalz or any of the individuals in the room had brought the contraband into the house or how long it had been there. The State presented no evidence that Schmalz had at any time any contraband on her person or in her personal belongings. There is no evidence establishing that Schmalz knew the other individuals in the room, let alone that she intended to facilitate or promote the offense or that she engaged in a common design. Rather, the full extent of the evidence which could establish such an intent is Schmalz' presence in the smoky room and her spontaneous response to Baize, "We're having a party." We recognize that such an open-ended response may invite the inference that she had knowledge that a crime was being committed, but that statement without more does not establish guilt by accountability. See *People v. Tillman*, 130 Ill. App. 2d 743, 750, 265 N.E.2d 904, 909 (1971). We conclude that the facts at bar are substantively different from the facts in *Adams*, therefore requiring a different result. Unlike *Adams*, there is no evidence of conduct prior to, during or subsequent to the offenses that establishes the required association between Schmalz and any of the other individuals at the house. Accordingly, Schmalz cannot be criminally liable for possession of contraband based on actual or constructive possession by another.

## CONCLUSION

In sum, we conclude that, viewing the evidence in the light most favorable to the State, the circuit court erred in its determination that the defendant was guilty of unlawful possession of cannabis and drug paraphernalia where the State failed to meet its burden of establishing that (1) Schmalz once had actual physical control of the contraband with intent to exercise control on her own behalf, and (2) Schmalz shared the criminal intent with her associates or engaged in a common design with her associates to commit the offenses. Accordingly, the defendant's conviction is reversed.

Reversed.

HOLDRIDGE, P.J., and LYTTON, J., concur.