THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE SEALS, Defendant-Appellant.

(No. 58047; )

First District (3rd Division)—September 6, 1973.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Mariann Twist, Kenneth L. Gillis, and James Carlson, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

The defendant, George Seals, was charged with the theft of a mail carrier's bag and pieces of United States mail, in violation of (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)). Following a non-jury trial, Seals was convicted of stealing the mail bag and was sentenced to one year in the Cook County jail. The Public Defender, who had represented him at the trial, was appointed to represent him on appeal and a motion was made

for a free transcript of the trial proceedings. The motion was granted. Apparently no court reporter had been present at the trial as the State's Attorney was ordered to prepare a "bystander's record" if a transcript was not available. The order was not complied with, and after several continuances the trial judge himself filed a synopsis of the proceedings. The defendant also filed a statement of what took place which conflicted with that of the judge.

■■ The record as it now exists reveals a colorable need for a verbatim transcript to afford the defendant effective appellate review of his assignments of error. In *Mayer v. City of Chicago* (1971), 404 U.S. 189, 30 L. Ed.2d 372, 92 S.Ct. 410, it was held that where grounds of appeal make out a colorable need for a complete transcript, the State bears the burden of showing that a portion of the transcript or an alternative to the transcript will suffice for an effective appeal.

■■ Ill. Rev. Stat. 1971, ch. 110A, par. 323(c) makes provision for the preparation of a report of proceedings when a verbatim transcript is not available. It is to be prepared by the appellant from the best available sources including recollection, and served within 14 days following the filing of the notice of appeal. Opportunity is afforded to other parties to submit proposed reports or amendments, and the reports are to be presented to the trial court for settlement and approval. The court may hold hearings if necessary and shall settle, certify, and order filed an accurate report of the proceedings.

This procedure was not followed and the brief summary supplied by the trial judge, while sufficient to show the defendant's guilt, is insufficient to enable this court to properly review the trial errors alleged by him. The report contains much conclusory language but not enough details for this court to determine the propriety of the conclusions.

■■ The defendant further claims that his request for a jury trial was denied and that he was not permitted to testify in his own behalf. The record before us is also insufficient to permit an effective appeal as to these contentions. As the State has failed to bear the burden of establishing the sufficiency of the report of proceedings, the defendant is entitled to a new trial.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.