THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LANCE CHANEY, Defendant-Appellant.

First District (1st Division)   No. 1—96—0939

Opinion filed February 10, 1997.—Rehearing denied March 24, 1997.

Edward R. Vrdolyak, Ltd., of Chicago (Lawrence Andolino, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Margaret J. Faustmann, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial, defendant, Lance Chaney, was found guilty of possession of a controlled substance, sentenced to one year's probation, fined $50 for laboratory fees and assessed a $5 monthly probation fee. On appeal, defendant contends that: (1) he was constitutionally entitled to examine a confidential informant *in camera* at a mandatory hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978); (2) the trial court erred in denying his motion to suppress his search warrant; (3) the State failed to establish his guilt beyond a reasonable doubt; and (4) he was denied effective assistance of counsel at trial. For the following reasons, we vacate defendant's conviction and remand this matter for a new *Franks* hearing consistent with this opinion.

The record reveals the following relevant facts. Defendant was arrested on January 10, 1995, for possession of cocaine. Prior to trial, defendant filed a motion for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978) (*Franks* hearing), to challenge the veracity of the sworn statements made by Chicago police officer Gerald Lau in order to obtain the search warrant issued on January 9, 1995.

In his motion, defendant alleged that on January 9, 1995, Officer Lau filed a complaint for search warrant of the third-floor apartment located at 8253 South Evans, based on information provided by a

confidential informant. The informant allegedly told Officer Lau that he had purchased an unknown quantity of rock cocaine for an unknown amount of United States currency from a light-skinned, black male who was approximately 30 years old, 5 feet 9 inches tall and 195 pounds. The suspect allegedly told the informant that the informant could come back later "whenever he wanted to."

Defendant alleged that the above conversation with the informant and the subsequent conduct set forth in the complaint for search warrant were false and that the officer acted in reckless disregard of the truth in preparing the complaint. Defendant's allegation was based on the fact that previously, on January 6, 1995, Officer Lau had filed a complaint for a search warrant to search the first floor of 8207 S. Clyde, Chicago, using the identical language, except describing the suspect as age 35 and 190 pounds.

When Officer Lau executed the prior search warrant on January 9, 1995, at 11:20 a.m. at 8207 South Clyde, the defendant described in the warrant was not present; no narcotics were recovered; no arrest was made; and no proof of residency was obtained reflecting that defendant actually resided at that address.

Defendant further alleged that the second search warrant, obtained on January 9, 1995, at 2:28 p.m., just hours after the failed raid on 8207 South Clyde, was not issued by the same Cook County judge who signed the first warrant obtained on January 6, 1995. The record does not show that Officer Lau informed the judge who issued the second warrant on January 9, 1995, that he had fresh, personal knowledge of an unsuccessful raid of the same defendant.[1]

Defendant attached his own affidavit and that of Roger Huff. Defendant averred that on January 10, 1995, he resided at 8253 South Evans, third floor, Chicago. Nevertheless, between January 7, 1995, at 10 p.m., and January 10, 1995, at noon, defendant averred that he was staying at Huff's residence, located at 3308 West 85th Street, caring for Huff's two children. Defendant further averred that at no time did he sell or give any cocaine to anyone and that he specifically did not sell any cocaine to any person on January 9, 1995, at 8253 South Evans. Roger Huff averred that defendant stayed at Huff's house and watched Huff's children at the times averred by defendant. Huff further stated that, although he was not at home until 5:30 p.m. on January 9, 1995, he had telephoned home periodically to see how the children were doing and that defendant answered the telephone each time.

---

[1]There is some suggestion in the record that both warrant-issuing judges were located in the same court building.

The State filed a motion to strike defendant's motion for a *Franks* hearing, stating that defendant had not met his burden of making a substantial preliminary showing that the affidavit of Officer Lau was false. Defendant filed a response, stating that because Officer Lau had finished executing the first search warrant at 1 p.m. on January 9, and a judge signed the second warrant at 2:28 p.m. that day, it was highly improbable that Officer Lau spoke to the informant in between these times. Therefore, no new probable cause existed for the issuance of the warrant to search 8253 S. Evans.

Defendant attached his own affidavit stating that Mary Manning (also known as Mary Evans) was his girlfriend on January 9, 1995; that Manning lived at 8207 South Clyde, first floor, in January 1995; that Manning told defendant after his arrest that Officer Lau had instructed her not to call defendant and tell him that the police were looking for him; and that Manning gave defendant a copy of the search warrant and Officer Lau's business card, which the officer left with Manning on January 9, 1995.

The trial court granted defendant's motion for an evidentiary hearing pursuant to *Franks v. Delaware*, and a hearing proceeded on January 29, 1996. At the hearing, defense counsel elicited the following testimony from Officer Lau: On January 9, 1995, at 11:20 a.m., Officer Lau conducted a raid at 8207 South Clyde, which concluded at 1 p.m. Officer Lau did not remember whether he had a conversation with his confidential informant before or after he executed the search warrant on January 10, 1995, but testified that he did, in fact, speak to the informant sometime on January 9, 1995. The officer agreed that the second search warrant was signed by a judge at 2:28, 1 hour and 20 minutes after the officer completed his paperwork on the Clyde raid.

At the conclusion of the hearing, the trial court determined that the defendant failed to establish, by a preponderance of the evidence, that Officer Lau was perjurious at the time he petitioned for a second search warrant. For this reason, the trial court denied defendant's motion to quash the search warrant.

A trial immediately followed the hearing. At trial, Officer Lau testified on behalf of the State that, on January 10, 1995, at approximately 1:50 p.m., he executed a search of an apartment located at 8253 South Evans, Chicago, pursuant to a search warrant, by breaking down the door of the apartment. The officer was accompanied by a police sergeant. At that time, the officer had a conversation with defendant. The officer handed defendant a copy of the search warrant and explained why the police were there and asked defendant if he had any illegal contraband in his house, mean-

ing narcotics or weapons. Defendant responded that he had a weapon in a bedstand and a little personal use cocaine. The officer went to the locations defendant indicated and recovered a weapon and some white powder substance.

On cross-examination, Officer Lau stated that, at the time of the search, a woman named Rhonda Curry was also present in defendant's living room. The officer stated that he found the cocaine on a dresser in the bedroom.

The parties stipulated to the testimony of a lab analyst, qualified as an expert witness in forensic chemistry, who would have stated that the substance found in defendant's apartment tested positive for the presence of cocaine in the amount of .97 grams. Defendant presented no witnesses on his behalf.

At the conclusion of the trial, the trial court stated that it found the testimony of Officer Lau to be credible and found defendant guilty of the single count of possession of a controlled substance. The trial court waived review of defendant's presentence investigation and sentenced defendant to one year's probation with a $50 laboratory fee and a $5-per-month probation reporting fee. Defendant's timely appeal followed.

Initially, defendant contends that he was constitutionally entitled to examine the confidential informant *in camera* at the *Franks* hearing. Defendant argues that he is entitled to disclosure of the identity of the informant because there is a serious doubt as to the actual existence of the informant.

The State initially responds that defendant has waived this issue for review for failing to request an *in camera* inspection of the informant prior to the appeal and failing to file a post-trial motion. *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988).

Defendant replies that because the evidence was closely balanced, and because he has also argued that he was deprived of effective assistance of counsel, his constitutional rights were impaired in such a way as to constitute plain error and, therefore, he has not waived this issue for review on appeal.

■ In *Franks*, the United States Supreme Court recognized that although an affidavit supporting a search warrant is presumed valid, a defendant has a limited right to challenge the veracity of the affidavit. The Court held:

> "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires

that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.

In *People v. Lucente*, 116 Ill. 2d 133, 147, 506 N.E.2d 1269 (1987), our supreme court addressed the issue of what is required in order for the defendant to make "a substantial preliminary showing." The court stated that, while it is true that the defendant's ultimate burden is to show by a preponderance of the evidence that the affiant-officer made deliberate or recklessly false statements, *Franks* does not require that the defendant disprove every other possibility at the preliminary stage. The court noted that in such cases where an informant's identity is unknown, and the defendant cannot offer the informant's testimony as proof that the officer falsified information, a defendant lacks the necessary information to determine the source of the allegedly false statements. This reality affects the burden of proof that a defendant can reasonably sustain in order to achieve a hearing and to protect against perjurious warrant applications. Our supreme court has held that a trial court may, in its discretion, require an *in camera* inspection of a confidential informant if, under all the circumstances, the trial court doubts the credibility of the officer-affiant. *People v. Vauzanges*, 158 Ill. 2d 509, 520, 634 N.E.2d 1085 (1994). The defendant has the burden of showing the need for disclosure of an informant. *People v. McBee*, 228 Ill. App. 3d 769, 773, 593 N.E.2d 574, 576 (1992).

■ In the present case, the trial court determined that defendant made a substantial preliminary showing that the affidavit of Officer Lau was false, based on the following: (1) the two complaints for search warrants "were very substantially identical"; (2) the fact that the execution of the first warrant yielded negative results; and (3) the short time span between the execution of the first warrant and the issuance of the second warrant.

At the *Franks* hearing, Officer Lau testified that he spoke to a confidential informant sometime on January 9, 1995; obtained a signed search warrant from a judge on that day; and searched defendant's apartment on January 10, 1995. Defense counsel elicited from the officer that he obtained the January 9, 1995, search warrant at 2:28 p.m., 1 hour and 20 minutes after the officer completed paperwork on the unsuccessful Clyde apartment raid. The officer further stated that he could not remember whether he talked to the informant before or after the unsuccessful raid of the Clyde apartment. Defense counsel therefore attempted to show that the officer intended to obtain the second search warrant for the defendant without obtaining any new information from the informant.

In fact, the record does not reveal that Officer Lau disclosed to

the judge issuing the second warrant the details of the unsuccessful raid of the Clyde apartment. The record further strongly suggests that the second warrant for defendant was issued based on the exact same information as the first warrant. Officer Lau's second complaint for search warrant varies only slightly in the physical description of defendant, *i.e.*, an age difference of five years (30 vs. 35); and a weight difference of five pounds (190 vs. 195 pounds). Further, the officer states in both complaints, in almost identical language, that over the course of six months the informant provided the officer with at least three locations where narcotics were sold; that raids were served on these locations and that narcotics were recovered. The second complaint for warrant does not reveal that a fourth and recent raid, the Clyde raid, failed to result in the recovery of narcotics. The record suggests that Officer Lau may have improperly withheld information from the second judge from whom he sought a search warrant, and the trial court therefore had cause to doubt the credibility of the officer at the *Franks* hearing.

We find that the conduct on the part of the arresting officer described above may have prejudiced the defendant thereby resulting in plain error. We therefore vacate defendant's conviction and remand this matter to the trial court for the purpose of conducting a new *Franks* hearing, in order for the State to furnish evidence regarding the connection, if any, between the first and second complaints for search warrant. Because we vacate the judgment of the trial court based on an inadequate *Franks* hearing, we need not reach the other issues raised by defendant in this appeal.

For the reasons stated above, the judgment of the trial court is therefore reversed and remanded.

Reversed and remanded.

BUCKLEY and GALLAGHER, JJ., concur.