THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RITA RAMOS, Defendant-Appellant.

First District (4th Division)   No. 1—94—4309

Opinion filed March 12, 1998.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Rita A. Fry, Public Defender, of Chicago (Andrea Monsees, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William Toffenetti, and Bryan Hofeld, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SOUTH delivered the opinion of the court:

On March 25, 1991, defendant, Rita Ramos, was charged with the offense of delivery of a controlled substance (cocaine) with the intent to distribute. Prior to trial, defendant filed a motion to suppress any evidence obtained pursuant to the search warrant and to produce the informant who defendant alleged falsely supplied information for the search warrant. The court denied the motion.

There is no transcript of the trial proceedings or a bystander's report contained in the record on appeal. However, the common law record indicates that on March 23, 1992, following a bench trial, the court found defendant guilty of the lesser included offense of possession of a controlled substance.

On April 14, 1992, defendant filed a posttrial motion for a new trial alleging that (1) the trial judge incorrectly denied her pretrial motion to suppress; (2) she was improperly convicted of possession of a controlled substance after being charged with delivery of a controlled substance; and (3) the evidence was insufficient to prove her guilty beyond a reasonable doubt. The court denied defendant's posttrial motion, and she was sentenced to four years' imprisonment to be served consecutively to a 15-year sentence for a prior Du Page County conviction. We remand for a new trial.

On the day defendant was sentenced, April 14, 1992, the court appointed the State Appellate Defender to represent her on appeal

and instructed trial counsel to file the notice of appeal. Notwithstanding this instruction, neither defense counsel nor the appellate defender filed a timely notice of appeal.

On July 13, 1993, defendant filed a postconviction petition alleging she was denied due process by her attorney's failure to file a notice of appeal. On July 28, 1993, the court denied the petition without a hearing. Thereafter, defendant filed a notice of appeal from that order.

On January 11, 1995, nearly three years after defendant's conviction, this court allowed her to file a late notice of appeal. Defendant then moved to dismiss her appeal from the postconviction petition, which this court allowed on January 25, 1995.

Over the next year and a half, former appellate counsel for defendant made efforts to compile a complete record on appeal. On August 31, 1995, he filed the common law record and a one-volume supplement containing the report of proceedings from the hearing on defendant's motion to suppress and the proceedings from the April 14, 1992, hearing on posttrial motions and sentencing. Also contained in the supplemental record is an affidavit of the official court reporter stating that she was the court reporter for defendant's March 23, 1992, bench trial and that a diligent search for the stenographic notes was unsuccessful.

In an attempt to prepare a bystander's report in lieu of a verbatim transcript of defendant's trial pursuant to Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)), appellate counsel for defendant spoke with the defense attorney, the prosecutor and the trial judge. Defendant's trial attorney searched for but could not locate his file from this case. The prosecutor's file, although containing some information, including the police reports, search warrant, defense counsel's motions and a petition for *habeas corpus* relief, is insufficient to adequately reconstruct the trial proceedings. The trial judge also searched his office but could not locate his notebook from the bench trial.

Moreover, none of the individuals had sufficient recollection of the witnesses' testimony or objections made to adequately reconstruct the trial proceedings. Additionally, defendant was instructed to provide her own recollection of the trial proceedings, which she attempted to do three times.

After an unsuccessful attempt to compile a complete record on appeal and after reviewing defendant's handwritten version of the trial, former appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). In that motion, he explained the steps he took to compile a verbatim record and bystander's report of the trial.

On July 17, 1996, this court granted defendant leave to allow her present attorney to substitute as counsel on appeal. Thereafter, the *Anders* motion was withdrawn.

On appeal, defendant contends that she must be granted a new trial because, through no fault of her own, there is no transcript of her trial proceedings; a bystander's report cannot be prepared by the parties or certified by the circuit court; the fragments of her recollections and nontrial transcripts that do exist indicate a constitutional violation occurred at trial; and she was denied her right to a direct appeal. The State responds that defendant has not been denied her right to an appeal and should be denied a new trial because she has failed to allege any issue for resolution that requires a verbatim report of the trial proceedings.

■ This court has held that it is defendant's burden to provide a sufficient record to support a claim of error and, absent such record, it will be presumed that the court heard sufficient evidence and argument to support its decision. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 459 N.E.2d 958 (1984); *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 675 N.E.2d 210 (1996). As previously noted, however, the official court reporter has provided an affidavit stating that a diligent but unsuccessful search had been made for the stenographic notes from defendant's bench trial.

In the absence of a verbatim transcript, the defendant is required to supply a bystander's report in order that a proper consideration can be given by a court of review. *People v. Glines*, 33 Ill. App. 3d 910, 338 N.E.2d 592 (1975).

■ Illinois Supreme Court Rule 323(c) provides:

> **"Procedure If No Verbatim Transcript Is Available (Bystander's Report).**
>
> If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. In any trial court, a party may request from the court official any audiotape, videotape or other recording of the proceedings. The court official or any person who prepared and kept, in accordance with these rules, any audiotape, videotape, or other report of the proceedings shall produce a copy of such materials to be provided at the party's expense. Such material may be transcribed for use in preparation of a bystander's report. The proposed report shall be served on all parties within 28 days after the notice of appeal is filed. Within 14 days after service of the proposed report of proceedings, any other party may serve proposed amendments or an alternative report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed

amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. Absent stipulation only the report of proceedings so certified shall be included in the record on appeal." 166 Ill. 2d R. 323(c).

■ In the present case, the record reflects that none of the participants in the trial has an accurate and complete record of the trial. Thus, despite exhaustive efforts by defendant to supply a bystander's report pursuant to Rule 323(c), she has been unable to do so.

Defendant cites *People v. Stark*, 33 Ill. 2d 616, 213 N.E.2d 503 (1966), and *People v. Seals*, 14 Ill. App. 3d 413, 302 N.E.2d 701 (1973), for the proposition that where the record on appeal is insufficient to permit an effective appeal, the cause must be remanded for a new trial.

In *Stark*, 33 Ill. 2d 616, 213 N.E.2d 503, our supreme court held that where the transcript of the hearing on defendant's motion to suppress his confession was unavailable through no fault of defendant and the only evidence as to the circumstances surrounding defendant's confession was the sheriff's testimony, a new hearing was required to determine whether the confession, made in the absence of counsel after the prisoner's presentation to the magistrate, was admissible.

In *Seals*, 14 Ill. App. 3d 413, 302 N.E.2d 701, defendant's conviction was reversed and remanded for a new trial on the basis that defendant's grounds for appeal made out a "colorable need" for a verbatim transcript and the State had the burden of showing that an alternative to the transcript would suffice for an effective appeal.

Here, in defendant's posttrial motion for a new trial, defendant raised three claims of error. The State correctly notes that the first two claims of error, *i.e.*, the propriety of the court's ruling on defendant's pretrial motion to suppress evidence and the variance between the indictment and the guilty finding, can be resolved based upon the record before us.

However, defendant's third claim of error, the insufficiency of evidence to prove her guilty beyond a reasonable doubt, presents a colorable need for a verbatim transcript in order to afford defendant her constitutional right to a direct appeal. The record reflects that despite the circuit court's explicit instruction to defense counsel to file a notice of appeal, he failed to do so.

Consequently, defendant's notice of appeal was not filed until January 11, 1995, nearly three years after her April 14, 1992, conviction. As a result of the delay in filing the notice of appeal, the court

reporter's office could not locate the transcript of the trial proceedings. Furthermore, notwithstanding appellate counsel's diligent attempts to compile a complete record on appeal, he could not comply with the requirements of Rule 323(c).

In view of the fact that defendant had no control over these circumstances and this court cannot afford defendant effective appellate review absent a verbatim transcript of her trial proceedings, we find that justice requires defendant be granted a new trial. To conclude otherwise would in effect deny defendant her constitutional right to a direct appeal.

However, careful review of the record makes clear that, following the hearing, the circuit court properly denied defendant's pretrial motion to suppress evidence pursuant to *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). Therefore, we affirm the circuit court's August 28, 1991, ruling on defendant's *Franks* motion and remand for a new trial.

Remanded for a new trial.

McNAMARA and WOLFSON, JJ., concur.