THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH CUNNINGHAM, Defendant-Appellant.

First District (3rd Division)   No. 1—96—4396

Opinion filed December 22, 1999.

Michael J. Pelletier and Barbara C. Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Nancy Faulls, and Kelly L. Martin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

Defendant Kenneth Cunningham was convicted of two counts of possession of a controlled substance with intent to deliver, unlawful use of a weapon by a felon and possession of cannabis with intent to deliver. He was sentenced as a habitual criminal to natural life in prison. Defendant contends on appeal that: (1) he was not proved guilty beyond a reasonable doubt; (2) his trial counsel was ineffective for failing to seek a hearing under *Franks v. Delaware*, 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676 (1978); and (3) the agreed statements of fact and bystander's report are inadequate substitutes for a verbatim transcript and are insufficient to provide him with an adequate appellate review. We affirm.

Chicago police officer Joseph Keeter testified that, during the first two weeks of January 1996, police officers conducted surveillance of 1008 West 48th Street in Chicago because they believed defendant was selling drugs from his residence. Officer Keeter conducted surveillance at least five times but never saw defendant at that address.

On January 18, 1996, a confidential informant told Keeter that he had purchased cocaine that morning from defendant at defendant's home and had done so for the previous six months. At 11:35 a.m., Keeter obtained a search warrant for defendant and his residence.

On January 19, 1996, police officers surveilled Esther's Place, a tavern where they believed defendant to be. During their hour-long surveillance, the officers saw defendant twice leave Esther's with another person, walk out of sight, then return to the building. The officers approached the building and someone shouted, "It's a raid. It's a raid." Defendant was standing in front of the bar when the officers entered. Keeter arrested him, handcuffed him and performed a pat-down search, revealing $25.

Shirley Johnson, a bartender, testified for defendant that she never saw him leave the building. One or two officers took defendant into the bathroom, and when they returned, defendant's belt was unfastened, his shoes untied, and his shirt untucked.

Keeter testified that he and the other officers took defendant to the 48th Street address and used a key from defendant's pocket to enter the house. Cathy Butusov, defendant's 15-year-old son Brian Butusov, another juvenile, and two babies were in the house. The front bedroom door was locked and Cathy denied having a key. Keeter used another key on defendant's key ring to open the door. The officers found men's clothes in the bedroom closet and tools on the floor. They also discovered a plastic bag with 420.5 grams of cocaine, three scales, a mixing bowl, a box of ammunition, and defendant's inmate identification card. They found a bag with 26.67 grams of cannabis in the downstairs bedroom, which Brian Butusov claimed belonged to him.

During a custodial search of defendant at the police station, officers found 78 packets of cocaine in his shoes and his Illinois driver's license with the 48th Street address. Keeter also testified that he had not seen defendant walking in an unusual manner.

Officer Linda Dixon testified that she accompanied Keeter and other officers in the surveillance of Esther's Place and execution of the search warrant of defendant and 1008 West 48th Street. Dixon's testimony was substantially similar to Keeter's testimony, but she did not testify that defendant twice left the bar with another person.

Cathy Butusov testified that defendant moved out of the house in October 1995 and took all of his belongings and clothes with him. He

returned occasionally to see his children. Cathy testified that she was the only occupant of the front bedroom and that she, her son, daughter and possibly others had a key to the bedroom. She did not lock it on the morning of January 19, 1996, nor was she in the habit of locking it. When the police searched the house, the bedroom door was ajar and they did not use a key to enter.

A mail carrier testified that he delivered mail to defendant at the 48th Street address and that the mail had not been returned.

Defendant contends on appeal that he was not proved guilty beyond a reasonable doubt. He argues that the officers' testimony was conflicting and incredible and that the State failed to prove he had constructive possession of the drugs found at the 48th Street address.

■ We will not reverse the findings of the trier of fact if, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985). It is not the function of the reviewing court to retry the defendant. *Collins*, 106 Ill. 2d at 261.

■ Defendant argues that the officers' testimony about the cocaine found in his shoes was "conflicting" and "incredible." Defendant points to the differences in testimony between Officers Dixon and Keeter. He also notes that the officers' testimony conflicted with Shirley Johnson's testimony that defendant never left the bar and that officers searched him in the bathroom at the bar.

Officer Dixon testified that, though she did not recall searching defendant in the bathroom at the bar, it was standard procedure to search people suspected of drug offenses. But both officers testified that they did not discover the cocaine in defendant's shoes until the custodial search at the station.

It is the function of the trier of fact to determine the credibility of witnesses, the weight to be given their testimony and the inferences to be drawn therefrom. *People v. Brisbon*, 106 Ill. 2d 342, 360, 478 N.E.2d 402, 410 (1985). Minor inconsistencies in testimony do not, by themselves, create a reasonable doubt. *Brisbon*, 106 Ill. 2d at 360. Here, the trial court found the officers' testimony credible. We find no reason to disturb this finding on appeal.

Defendant next contends that the evidence was insufficient to convict him of possession of the cocaine found in the house, possession of cannabis with intent to deliver and unlawful use of a weapon by a

felon. He argues that the State failed to prove that he had constructive possession of the cocaine, cannabis and ammunition.

■ Constructive possession of narcotics exists without actual physical dominion over the narcotics but where there is an intent and a capacity to exercise control and dominion over them. *People v. Roundtree*, 135 Ill. App. 3d 1075, 1080, 482 N.E.2d 693, 698 (1985). Habitation in or rental of the premises where narcotics are discovered is sufficient evidence of control to constitute constructive possession. *People v. Valdez*, 249 Ill. App. 3d 1058, 1062, 621 N.E.2d 35, 38 (1993). The sufficiency of proof of the accused's control of the place where the narcotics were found is not eroded because the place previously had been under the control of another who could have placed the narcotics there. *People v. Munoz*, 103 Ill. App. 3d 1080, 1082, 432 N.E.2d 370, 372 (1982). "Where drugs are found on premises rather than on defendant, the State must prove that the defendant had control of the premises in order to permit the inference that defendant had knowledge and control over the narcotics." *People v. Ray*, 232 Ill. App. 3d 459, 462, 597 N.E.2d 756, 759 (1992). "Proof of residency in the form of rent receipts, utility bills and clothing in closets is relevant to show the defendant lived on the premises and therefore controlled them." *People v. Lawton*, 253 Ill. App. 3d 144, 147, 625 N.E.2d 348, 350 (1993).

■ The record contains substantial evidence that defendant lived at the 48th Street address. He carried keys to the house. The address was on his driver's license. His mail was delivered to that address and defendant gave that address to his parole officer and to the police when he was arrested. Though Cathy Butusov testified that he had moved out in October 1995, the record does not contain evidence of another address where defendant might have been living. We find the evidence sufficient to prove beyond a reasonable doubt that defendant had constructive possession of the drugs found in the house.

Defendant next argues that his counsel was ineffective for failing to request a hearing under *Franks v. Delaware*.

■ To show ineffective assistance of counsel, a defendant must show that his counsel's representation fell below an objective standard of care and that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984).

■ Though an affidavit supporting a search warrant is presumed valid, a defendant has a limited right to challenge the veracity of the affidavit. *People v. Chaney*, 286 Ill. App. 3d 717, 721, 677 N.E.2d 4, 7 (1997).

"[W]here the defendant makes a substantial preliminary showing

that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.

■ Defendant alleges on appeal that Officer Keeter failed to advise the judge issuing the warrant of the facts learned in the police investigation of defendant, which contradicted the information provided by the confidential informant. Defendant also alleges that the officer failed to explain the circumstances under which the confidential informant cooperated with the police.

We believe the facts show otherwise.

Portions of the transcript from the pretrial proceedings are missing from the record, so that we cannot be certain whether defense counsel failed to request a *Franks* hearing. But even if counsel had requested a hearing, the evidence does not support a substantial showing that the officer knowingly and intentionally, or with reckless disregard for the truth, included a false statement in his warrant affidavit.

A magistrate should look to the totality of the circumstances when assessing a search warrant affidavit based on an informant's tip. *People v. Tisler*, 103 Ill. 2d 226, 237-38, 469 N.E.2d 147 (1984). The informant's veracity and basis of knowledge are relevant to the existence of probable cause. *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983). Independent police investigation that corroborates details of an informant's story also lends credibility to a tip. *Tisler*, 103 Ill. 2d at 238.

The information gleaned from the police investigation did not necessarily contradict the information provided by the confidential informant. The informant said he purchased cocaine from defendant at the 48th Street address, but the officers who surveilled the house never saw defendant at the house during the two weeks before the arrest. We do not find this discrepancy significant.

The officers did not testify that the house was under 24-hour surveillance. Officer Keeter did testify that he only surveilled the house on five or more occasions and never saw defendant. There was no testimony that the house was observed on January 18, 1996, when the informant allegedly purchased the cocaine.

Though Officer Keeter did not include these details of the investigation in his affidavit, he did include information about the informant's veracity and the basis for his knowledge. The informant told Keeter that he purchased cocaine from defendant at defendant's house that morning, as he had done for the previous six months. The

informant had given Keeter information on three previous occasions that resulted in arrests and recovery of narcotics.

Defendant also argues that Keeter failed to specify the circumstances under which the informant cooperated with police. Though such information may contribute to an assessment of an informant's reliability, it is no longer a requirement. *Tisler*, 103 Ill. 2d at 239 (noting that the *Gates* totality-of-circumstances approach has superseded the test set out in *Aguilar v. Texas*, 378 U.S. 108, 114-15, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514 (1964)).

Finally, defendant contends that the record on appeal, which includes two agreed statements of fact, a bystander's report and an incomplete transcript of the trial, is an inadequate substitute for a verbatim transcript and is insufficient for adequate appellate review.

Where the grounds of appeal make out a colorable need for a complete transcript, the State bears the burden of showing that an alternative to the transcript is sufficient for an effective appeal. *Mayer v. City of Chicago*, 404 U.S. 189, 195, 30 L. Ed. 2d 372, 378-79, 92 S. Ct. 410, 415 (1971). In *People v. Seals*, 14 Ill. App. 3d 413, 414, 302 N.E.2d 701, 702 (1973), the transcript was unavailable, no bystander's report was prepared and the defendant's statement conflicted with the judge's synopsis of the proceedings. The court found a colorable need for a verbatim transcript for adequate appellate review in that case. In *People v. Stark*, 33 Ill. 2d 616, 621, 213 N.E.2d 503, 505 (1966), the court found a colorable need where "potentially determinative evidence [was] unavailable to the reviewing court *** through no fault of the defendant." *Stark*, 33 Ill. 2d at 621. In *People v. Ramos*, 295 Ill. App. 3d 522, 526, 692 N.E.2d 781, 784 (1998), "none of the participants in the trial [had] an accurate and complete record of the trial."

The case before us is distinguishable. Here, the participants in the trial availed themselves of Supreme Court Rule 323(c) (134 Ill. 2d R. 323(c)), which provides for an alternative report of proceedings when the verbatim transcript is unavailable. A bystander's report and two statements of facts were prepared and agreed upon. None of the issues on appeal present a colorable need for a verbatim transcript. The record is sufficiently detailed for an effective appeal on the issue of whether defendant was proved guilty beyond a reasonable doubt. On the issue of whether defense counsel was ineffective for failing to request a *Franks* hearing, we have already held that, based on the allegations in the record, defendant could not make a substantial preliminary showing that would entitle him to such a hearing. A complete verbatim transcript of the pretrial hearing is unnecessary to decide this issue.

We affirm the judgment of the circuit court.

Affirmed.

CERDA and WOLFSON, JJ., concur.