THIRD DIVISION
August 30, 2006

No. 1-04-3295

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 04 CR 529 |
| | ) | |
| DAVID SCOTT, | ) | Honorable |
| | ) | Rickey Jones, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant, David Scott, was convicted of possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 2002)) and sentenced to five years' imprisonment. On appeal, defendant contends that (1) the State failed to prove his guilt beyond a reasonable doubt because there was no evidence that he actively or constructively possessed the cocaine discovered by police in a mailbox; (2) the extraction and storage of his DNA profile violates his fourth amendment rights; (3) the statute mandating the $5 spinal cord fee is an unconstitutional violation of his due process rights; (4) he is entitled to a $5-per-day credit against his $1,000 controlled substance assessment; and (5) the $20 fee for the victims fund was assessed erroneously. For the following reasons, we affirm defendant's conviction as modified and remand for resentencing.

## BACKGROUND

The following evidence was adduced at defendant's trial. Chicago police officer Edwin Utreras testified that at approximately 10 p.m. on November 12, 2003, he and his partner began narcotics

surveillance of 3653 South Federal Street from their unmarked vehicle located in an adjacent parking lot. Utreras was stationed approximately 150 feet away from a large group of mailboxes located in between the buildings of 3653 and 3651 South Federal. Utreras observed defendant and codefendant Angela Watson standing near the mailboxes. Moments later, Watson opened a mailbox with a key, retrieved a golf-ball-sized bag of cocaine, and handed the bag to defendant. Defendant and Watson then walked over to the 3653 South Federal building and entered the lobby area.

Approximately 10 to 15 minutes later, Utreras observed defendant and Watson exit the lobby area and return to the same mailbox, where Watson again opened the mailbox door with a key, retrieved a golf-ball-sized bag of cocaine, and handed the bag to defendant. On cross-examination, Utreras acknowledged that after each time defendant and Watson went to the mailbox to retrieve the cocaine, Watson remained in possession of the key. Defendant and Watson then reentered the building lobby and remained there for between 10 and 15 minutes. While defendant and Watson were still in the building, Officer Utreras left his surveillance position and began to approach the mailboxes. Defendant and Watson returned to the mailboxes as Utreras approached. Defendant saw Utreras walking toward him, then handed Watson a golf- ball-sized bag of cocaine and walked away. Watson again opened the mailbox with a key, placed the bag in the mailbox, and walked away from the area, leaving the key inserted in the mailbox. Defendant and Watson were subsequently detained by enforcement officers working in concert with Utreras. Utreras opened mailbox No. 306 and recovered two plastic bags containing cocaine. The parties stipulated that a baseball-sized bag the larger bag contained 36.2 grams of cocaine and the golf-ball-sized bag the smaller bag contained 10.3 grams of cocaine.

Defendant presented two witnesses at trial to testify on his behalf. Marquetta Fitts, defendant's friend, testified that she was at the Watsons' apartment with defendant and Watson on the night of the

incident. According to Fitts, all three left the apartment to go to the store. They were stopped by the police in the building lobby and held for two hours. Watson's mother, Lilly Watson, testified that she lived with Watson in apartment No. 306 at 3653 South Federal. She also testified that defendant was Watson's boyfriend and was currently staying in their apartment. Defendant and Watson also had three children together. Watson's mother stated that mailbox No. 306 belonged to their unit. According to her, the police searched the residence that night. Officer Chris Savikes testified in rebuttal that he never saw any police officers go into apartment No. 306 and that defendant and Watson were transported to the police station about 10 or 15 minutes after they were arrested.

The trial court found Officer Utreras credible and Fitts and Watson's mother incredible. The court found defendant guilty of possession of a controlled substance weighing more than 15 grams but less than 100 grams and subsequently sentenced him to five years' imprisonment.

## ANALYSIS

On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he possessed more than 15 grams of cocaine because it never established that he actually or constructively possessed the larger bag found in the mailbox. Specifically, defendant argues that he neither lived in the Watsons' apartment nor possessed a key to the mailbox. Therefore, defendant maintains he could only have been found guilty of possessing the 10.3 grams of cocaine and asks this court to vacate his conviction and remand his case for resentencing on the lesser amount of cocaine.

When considering a challenge to a criminal conviction based upon the sufficiency of the evidence, the appellate court will not retry the defendant. People v. Smith, 185 Ill. 2d 532, 541, 708 N.E.2d 365, 369 1999 . Rather, in such cases the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt. *Smith*, 185 Ill. 2d at 541, 708 N.E.2d at 369. Thus, it is the court's duty to carefully examine the evidence while giving due consideration to the fact that the trier of fact saw and heard the witnesses. *Smith*, 185 Ill. 2d at 541, 708 N.E.2d at 369. If, however, after such consideration the court is of the opinion that the evidence is insufficient to establish the defendant's guilt beyond a reasonable doubt, it must reverse the conviction. *Smith*, 185 Ill. 2d at 541, 708 N.E.2d at 369.

To support a finding of possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant had knowledge of the presence of the narcotics and that the narcotics were in his immediate and exclusive control. *People v. Smith*, 288 Ill. App. 3d 820, 823, 681 N.E.2d 80, 82 (1997). Possession of drugs may be constructive. Constructive possession exists without actual personal present dominion over a controlled substance, but there must be an intent and capability to maintain control and dominion. *People v. Frieberg*, 147 Ill. 2d 326, 361, 589 N.E.2d 508, 524 (1992). The mere presence in the vicinity of a controlled substance cannot establish constructive possession. *People v. Adams*, 242 Ill. App. 3d 830, 833, 610 N.E.2d 763, 765 (1993).

In the present case, the State failed to establish that defendant had the capability to maintain control and dominion over the larger bag of cocaine found in the mailbox. The evidence at trial revealed that defendant never possessed or had access to the key needed to open the mailbox where the larger bag of cocaine was later found. Each time defendant and Watson approached the mailbox, Watson opened the mailbox with the key and Watson retained possession of the key. Without the key, the mailbox containing the larger bag of cocaine was not accessible to defendant. Defendant could not control that which he could not access. As such, the State failed to prove that defendant had the requisite capacity to maintain dominion and control over

the larger bag of cocaine.

We acknowledge the State's argument that habitation in the premises where narcotics are discovered raises the inference that defendant had control over them. People v. Cunningham, 309 Ill. App. 3d 824, 828, 723 N.E.2d 778, 782 1999 . Proof of residency in the form of rent receipts, utility bills and clothing in closets is relevant to show defendant lived on the premises where narcotics are found and, therefore, controlled them for purposes of establishing constructive possession of narcotics. Cunningham, 309 Ill. App. 3d at 828, 723 N.E.2d at 782.

Here, there was no such relevant evidence presented. Rather, the only evidence submitted on this element was Watson's mother's testimony that defendant had lived at the Watsons' apartment "on and off" in the past and had been staying there for "about a week or so" prior to the night of the incident. Even assuming that defendant was residing at the Watsons' home, the cocaine was not discovered on their premises, but in a mailbox outside their building. There was no evidence that defendant had access to the mailbox key. Thus, the evidence established only his mere presence in the vicinity of the larger bag of cocaine and not the capacity to maintain control over it. See, e.g., People v. Ortiz, 91 Ill. App. 3d 466, 471-72, 414 N.E.2d 1072, 1076 1980 affirming conviction for possession of heroin where drugs were found in a locked storage cabinet and defendant, when asked by police to open it, removed the cabinet key from his key ring and handed it to police . Accordingly, the State failed to prove the element of possession with respect to the larger bag of cocaine. Therefore, we reverse defendant's conviction for the Class 1 felony. 720 ILCS 570 402 a 2 A West 2002 .

Nevertheless, defendant concedes, and the evidence was sufficient to establish, that defendant possessed the smaller bag 10.3 grams of cocaine, a Class 4 felony. 720 ILCS 570 402 c West 2002 . Although an accused cannot be convicted of a crime with which he has not been charged,

1-04-3295

he "may be convicted of an offense not expressly included in the charging instrument if that offense is a 'lesser included offense' of the offense expressly charged." *People v. Jones*, 149 Ill. 2d 288, 292, 595 N.E.2d 1071, 1073 1992 . Additionally, pursuant to Supreme Court Rule 615 b 3 , the reviewing court may reduce the degree of the offense for which defendant was convicted. 134 Ill. 2d R. 615 b 3 . Consequently, we reduce the degree of the offense to possession of more than 1 gram but less than 15 grams of cocaine. This lesser offense carries with it a prison term of "not less than 1 year and not more than 3 years" 730 ILCS 5 5-8-1 7 West 2002 , whereas the greater offense mandated a prison sentence of "not less than 4 years and not more than 15 years." 720 ILCS 570 402 a 2 A West 2002 . Therefore, we remand for resentencing on the lesser included offense. In light of our ruling, we need not address defendant's additional contentions.

Affirmed as modified cause remanded with directions.

HOFFMAN, P.J., and KARNEZIS, J., concur.

**THE PEOPLE OF THE STATE OF ILLINOIS,**

    **Plaintiff-Appellee,**

    **v.**

**DAVID SCOTT,**

    **Defendant-Appellant.**

---

**No. 1-04-3295**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: August 30, 2006**

---

**JUSTICE THEIS delivered the opinion of the court.**

**Hoffman, P.J., and Karnezis, J., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable Rickey Jones, Judge Presiding**

---

| | |
|---|---|
| For APPELLANT, | Michael J. Pelletier, State Appellate Defender |
| | Ryan T. Neumeyer, Assistant Appellate Defender |
| | Office of the State Appellate Defender |
| | 203 N. LaSalle St., 24th Floor |
| | Chicago, IL 60601 |
| | |
| For APPELLEE, | Richard A. Devine, State's Attorney |
| | James E. Fitzgerald, Assistant State's Attorney |
| | Whitney Bond, Assistant State's Attorney |
| | Paula Borg, Assistant State's Attorney |
| | 300 Richard J. Daley Center |
| | Chicago, IL 60602 |