2020 IL App (1st) 181668-U

FIFTH DIVISION
Order filed: July 24, 2020

No. 1-18-1668

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 17 CR 7744 |
| | ) | |
| | ) | |
| JAMAL CAIN, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The evidence was sufficient to prove beyond a reasonable doubt that the defendant possessed a firearm, ammunition, and narcotics recovered from a bedroom in which proof of his residency was also recovered.

¶ 2    Following a bench trial, the defendant, Jamal Cain, was convicted of unlawful possession of a firearm by a felon (UPFF) and possession of a controlled substance. He was sentenced to concurrent terms of six years' imprisonment for the UPFF conviction and three years'

imprisonment for the possession of a controlled substance conviction. On appeal, the defendant contends that that the State failed to prove, beyond a reasonable doubt, that he constructively possessed the firearm, ammunition, and narcotics. For the reasons that follow, we affirm.

¶ 3       The defendant was charged by indictment with, *inter alia*, three counts of unlawful possession of a firearm by a felon and one count of possession of a controlled substance. The following evidence was adduced at trial.

¶ 4       The State called three members of the Chicago Police Department, Officer Kevin Garcia, Officer Marvin Bonnstetter, and Sergeant Ivan Ramos, who all testified that on April 23, 2017, they executed a search warrant for Douglas Tate at the residence located at 704 North Trumbull Avenue in Chicago, Illinois. Sergeant Ramos testified that the team made a forced entry through a front security gate. The defendant met them at the front door of the single-family home, where he and two other adults were present. After informing the defendant that they were executing a search warrant, he was detained. Officer Garcia recovered two Illinois driver's licenses on the defendant's person—one current and one expired—both bearing the defendant's name and listing 704 North Trumbull as his address.

¶ 5       Sergeant Ramos testified that the residence contained two bedrooms on the second floor. The second-floor bedrooms were on either side of a staircase, contained sloped ceilings, and were separated by half-walls. In the east bedroom on the second floor, Sergeant Ramos recovered the following from a dresser: a .22 caliber Uzi firearm in the bottom drawer underneath some clothing, .22 caliber ammunition from the top drawer, and 34 pieces of mail addressed to the defendant at the Trumbull address in the top drawer underneath the ammunition.

¶ 6       When questioned about the two prescription pill bottles on top of the dresser in the east bedroom on the second floor, Sergeant Ramos could not recall whether he looked at the bottles to

find a name. No close-up photographs were taken of the pill bottles. Sergeant Ramos testified that he could not definitively state whether he looked at or recovered mail from other areas in the room, including on the floor or in a box underneath the dresser; however, he admitted that if the mail was "proof of residency bearing [the defendant's] name, it was inventoried."

¶ 7     Officer Garcia testified that, in the second floor east bedroom, he recovered two, small Ziploc bags, each containing a white, rock-like substance of suspected cocaine, from inside a pair of black gym shoes that were among a group of "multiple shoes." He did not note the size of the shoes on the floor in the bedroom, nor did he compare the size of those shoes with the size of the shoes the defendant was wearing at the time of his arrest. Officer Garcia admitted that he did not see the defendant place anything inside of the black gym shoes nor did the defendant wear those shoes to the police station.

¶ 8     Officer Bonnstetter testified that he participated in the execution of the search warrant at the Trumbull address as the "evidence supervisor," which included taking photographs as well as recovering and inventorying items. He testified that he photographed, took custody of, and later inventoried the items Sergeant Ramos recovered from the dresser in the second-floor east bedroom. He stated that, in addition to photographing the 34 pieces of mail recovered by Sergeant Ramos, he also photographed and inventoried 17 pieces of mail that Officer Andrew Robles recovered on a table in the same bedroom. The 17 pieces of mail were also addressed to the defendant at the Trumbull address. Officer Bonnstetter also testified that, on a coffee table in the same second floor east bedroom, he recovered, photographed, and inventoried 61 pieces of mail addressed to the defendant at the Trumbull address. He stated that he did not believe that the mail on top of the dresser or on the floor near the dresser was inventoried. According to Officer

Bonnstetter, aside from the mail addressed to the defendant, bundles of mail from the basement addressed to Tate were recovered, photographed, and inventoried.

¶ 9     At the conclusion of the officers' testimony, the State introduced a certified copy of the defendant's 2010 felony conviction for possession of heroin, which the trial court admitted into evidence. The parties stipulated that the two plastic bags containing a white, rock-like substance that were recovered from the black gym shoes tested positively for cocaine and each weighed .1 grams.

¶ 10    The State rested and the defendant moved for a directed finding, arguing that the State failed to establish constructive possession of the firearm, ammunition, and narcotics. The trial court denied the motion. The defense requested that its exhibits be moved into evidence and then rested, with the defendant waiving his right to testify and not presenting any witnesses or evidence.

¶ 11    The parties waived closing arguments and the trial court found the defendant guilty of three counts of UPFF and one count of possession of a controlled substance.

¶ 12    The defendant filed a motion to reconsider or alternatively a motion for a new trial, which the trial court denied. Following the sentencing hearing, the court merged the UPFF convictions and sentenced the defendant to concurrent terms of six years' imprisonment for UPFF and three years' imprisonment for possession of a controlled substance. The defendant filed a motion to reconsider sentence, which the trial court denied. This appeal followed.

¶ 13    In urging reversal of his convictions, the defendant's sole argument is that the State failed to prove, beyond a reasonable doubt, that he had constructive possession of the firearm, ammunition, and narcotics. We disagree.

¶ 14     When we review a challenge to the sufficiency of the evidence, our function is not to retry the defendant. *People v. Nere*, 2018 IL 122566, ¶ 69 (citing *People v. Smith*, 185 Ill. 2d 532, 541

(1999)). The appropriate question for a reviewing court is whether, considering all of the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Brown*, 2013 IL 114196, ¶ 48. The trier of fact is responsible for weighing the evidence, resolving conflicts in that evidence, and drawing reasonable inferences from the testimony and other evidence. *Brown*, 2013 IL 114196, ¶ 48. The trier of fact is not required to disregard inferences which flow normally from the evidence, seek explanations that are consistent with innocence and elevate them to the level of reasonable doubt, or find that a witness is not credible simply based on the defendant's word. *Jonathon C.B.*, 2011 IL 107750, ¶ 60. A reviewing court will reverse a conviction only where the evidence is so unreasonable, improbable, or unsatisfactory that there is a reasonable doubt of the defendant's guilt. *Brown*, 2013 IL 114196, ¶ 48.

¶ 15    The defendant was charged with UPFF and possession of a controlled substance. To convict a defendant for UPFF, the State must prove that a defendant: (1) knowingly possessed a weapon or ammunition; and (2) was previously convicted of a felony. *People v. Sams*, 2013 IL App (1st) 121431, ¶ 10; 720 ILCS 5/24–1.1(a) (West 2016). In order to sustain a charge of possession of a controlled substance, the State must prove the defendant had knowledge of the presence of an illicit substance and that the substance was in his immediate and exclusive control. *People v. Brown*, 277 Ill. App. 3d 989, 997 (1996).

¶ 16    "Because possession is often difficult to prove directly, proving possession frequently rests upon circumstantial evidence." *People v. Love*, 404 Ill. App. 3d 784, 788 (2010). When a case is based on circumstantial evidence, a trier of fact need not be satisfied beyond a reasonable doubt of each link in the chain of circumstances; rather, it is sufficient if all of the evidence taken together

satisfies the trier of fact, beyond a reasonable doubt, of the defendant's guilt. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60.

¶ 17    Possession of contraband may be either actual or constructive. *People v. Givens*, 237 Ill. 2d 311, 335 (2010). The State does not argue that the defendant had actual possession of the firearm, ammunition, and narcotics; rather, it argues that there was sufficient evidence to prove that the defendant had constructive possession. The defendant contends that the State's evidence proved only that the contraband was found in the second-floor east bedroom, not that he actually knew of its presence or had control over the bedroom where it was found. He concludes, therefore, that the State's evidence was insufficient to prove that he had constructive possession of the contraband. We disagree.

¶ 18    In order to establish constructive possession, the State must prove that the defendant: (1) knew that the contraband was present, and (2) exercised immediate and exclusive control over the area where the contraband was found. *Sams*, 2013 IL App (1st) 121431, ¶ 10. "Habitation in the premises where contraband is discovered is sufficient evidence of control to constitute constructive possession." *People v. Spencer*, 2012 IL App (1st) 102094, ¶ 17. Further, where two people exercise control over the premises, each person has possession. *Givens*, 237 Ill. 2d at 335. Once the State establishes possession, "an inference of culpable knowledge can be drawn from the surrounding facts and circumstances," including a defendant's acts, declarations, or conduct. *Id.*; *Sams*, 2013 IL App (1st) 121431, ¶ 10.

¶ 19    "Proof of residency in the form of rent receipts, utility bills and clothing in closets is relevant to show the defendant lived on the premises and therefore controlled them." *People v. Cunningham*, 309 Ill. App. 3d 824, 828 (1999). In deciding whether constructive possession has

been shown, the trier of fact is entitled to rely on reasonable inferences of knowledge and possession, absent other factors that might create a reasonable doubt as to the defendant's guilt. See *People v. Smith*, 191 Ill. 2d 408, 413 (2000). The elements of possession or knowledge for the purposes of constructive possession are issues of fact and, this court will not disturb the trier of fact's findings unless the evidence is so unbelievable, improbable, or contrary to the verdict that it creates a reasonable doubt of the defendant's guilt. *People v. Carodine*, 374 Ill. App. 3d 16, 25 (2007).

¶ 20 Here, viewing the evidence in the light most favorable to the State, we find that a reasonable trier of fact could infer that the defendant knew of the presence of the firearm, ammunition, and narcotics, found in a bedroom within which numerous pieces of mail were also found bearing his name and containing the Trumbull address where the contraband was recovered. See *Spencer*, 2012 IL App (1st) 102094, ¶ 18.

¶ 21 The defendant, nevertheless, argues that the firearm, ammunition, and narcotics were not in plain view (the firearm was in a drawer covered by clothes, the ammunition was in a drawer, and the narcotics was in a shoe), making it impossible for the trier of fact to infer that he knew the items were present. The defendant also argues that the two forms of identification found on his person failed to prove that he resided at or had a "connection to" the Trumbull address.

¶ 22 The defendant's arguments invite this court to reweigh the evidence in his favor and substitute our judgment for that of the trier of fact. Again, it was the trial court's responsibility to weigh the evidence, resolve any conflicts in that evidence, and draw reasonable inferences from the testimony and other evidence. *People v. Sutherland*, 223 Ill. 2d 187, 242 (2006). We will not substitute our judgment for that of the trier of fact on such issues. *Id*. Based upon the evidence

introduced by the State, we find that a reasonable trier of fact could infer that the defendant knew of the presence of the firearm, ammunition, and narcotics found in a bedroom where over 100 pieces of mail bearing his name and listing the Trumbull address were also recovered. We also find that a reasonable trier of fact could infer that the defendant resided at the Trumbull address where, in addition to the over 100 pieces of mail addressed to him at the Trumbull address that were recovered from the bedroom, two driver's licenses bearing his name and listing 704 North Trumbull Avenue as his address were also recovered from his person.

¶ 23 We reject the defendant's argument that the State failed to prove the defendant's control over the bedroom where the contraband was found because it was freely accessible by others. The rule that possession must be exclusive does not mean the possession cannot be joint. *Givens*, 237 Ill. 2d at 335. Therefore, if multiple people share the power to exercise control, then each person has possession. *Id.* Accordingly, when considering the totality of the evidence, in the light most favorable to the State, we find that a reasonable trier of fact could conclude that the defendant had control over the bedroom (whether joint or sole) and, therefore, had possession of the contraband.

¶ 24 Next, the defendant argues that the State failed to establish constructive possession of the contraband because it did not inventory and produce certain other items that were in the bedroom. However, as we previously stated, when a case is based on circumstantial evidence, a trier of fact need not be satisfied beyond a reasonable doubt on each link in the chain of circumstances, it is sufficient if all of the evidence taken together satisfies the trier of fact, beyond a reasonable doubt, of the defendant's guilt. See *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60. Therefore, we find there was enough evidence for the trier of fact to conclude that the defendant had constructive possession of the contraband.

¶ 25    Finally, the defendant argues that not attempting to flee from the scene demonstrated a lack of culpable knowledge of the contraband. While "consciousness of guilt can be inferred from flight, the converse, that failure to flee is indicative of innocence, is not a necessary corollary." *People v. Zarate*, 264 Ill. App. 3d 667, 675 (1994). Accordingly, we reject the defendant's contention that his failure to flee infers a lack of culpable knowledge of the contraband.

¶ 26    In sum, we find that the State presented sufficient evidence to allow the trial court to reasonably infer that the defendant knew that the contraband was present in the bedroom and that he exercised immediate and exclusive control over the area where the contraband was found; thereby satisfying the State's burden to prove that the defendant constructively possessed the firearm, ammunition, and narcotics.

¶ 27    For the foregoing reasons, we affirm the defendant's convictions and sentence.

¶ 28    Affirmed.